## French & a. *vs.* Parish & a.

A notice by the obligee in an indemnifying bond to the obligor, of the pendency of a suit against the obligor, is not a prerequisite to the maintenance of an action on the bond, for the purpose of recovering what the obligee may have been compelled to pay in such suit.

But if such notice be not given, the obligor may show that the plaintiff should not recover the amount he has paid, or that he made an improvident bargain, or that the defendant could have obtained better terms if the opportunity had been given him.

If the obligor be notified, and refuse to defend the suit, he will be estopped from showing that the obligee should not recover the amount he has paid.

Where the obligor is notified of the pendency of a suit, and neglects to defend against it, and the obligee incurs expenses concerning the suit, he may recover

French *v.* Parish.

those expenses of the obligor as a part of his damages, in addition to the debt and costs recovered against himself in the original action.

The defendants gave a bond to the plaintiffs, conditioned to indemnify them from all loss or damage they might sustain by reason of their having become sureties in the probate bond of one Hanson. A suit was commenced on the probate bond against the plaintiffs, and judgments were recovered therein. While the suit was pending, one of the plaintiffs endeavored to induce the defendant to relieve the plaintiffs therefrom, but he omitted to do so, and the plaintiffs necessarily expended $48.00 in and concerning the suit.—*Held,* that the plaintiffs were entitled to recover the amount of the judgments recovered against them, and the costs thereof, with interest, according to the report of a commissioner appointed to assess the damages, and also the sum they had necessarily expended, as above mentioned.

DEBT, upon a bond dated on the 19th day of February, A. D. 1824.

The action was referred to William C. Clark, Esq., as a commissioner to assess the damages between the parties, and report to the court thereon, from whose report the following facts appeared, and thereupon the action was transferred to this court.

On the 13th day of October, A. D. 1820, the plaintiffs executed a bond to the judge of probate for this county, with one Asa Hanson, one of the defendants, and as his sureties, conditioned for the faithful performance by him of his trust as executor of the will of Daniel Lovell, deceased.

The bond in suit contained a condition that the defendants should well and truly secure, pay, and bear harmless the plaintiffs, and their heirs, executors and administrators, for whatever loss, cost or damage they might sustain by their signing the bond above mentioned to the judge of probate.

An action was commenced against the plaintiffs on the probate bond, and entered in the court of common pleas for this county, at the January term, 1838, and at the August term ensuing, judgments were recovered therein to the amount of $646.61 damages, and $343.84 costs of suit.

No notice was given to Parish, the present defendant, of the pendency of the suit on the probate bond, until after the recovery of the judgments, except as follows : Ira A. East-

man, Esq., who was employed to commence the suit on the probate bond, at the request of Josiah Parsons, one of the defendants in that suit, and a plaintiff in the present suit, as an act of friendship to Parsons, held several conversations with Parish about his liability on the indemnifying bond now in suit, in which he endeavored to induce Parish to relieve the plaintiffs, who were sued on the probate bond. The first of these conversations was in the month of August, 1838, and another was during or before the month of May, 1839.

If no notice were necessary, the commissioner reported as damages the sums above mentioned, with interest thereon, from August, 1838, to the present time. Also the sum of $48.00, the sum necessarily expended by the plaintiffs in and concerning the suit on the probate bond brought against them.

If a notice were necessary, and the above were a sufficient notice, he reported as damages the amount of the judgments and interest, and the amount of the costs and interest incurred since the date of the notice.

If a notice were necessary, and the above were an insufficient notice, he reported as damages the amount of the judgment, debt and interest. The expenses up to the time of the commencement of the suit on the probate bond, he reported as due in either of the last mentioned contingencies.

*I. A. Eastman*, with whom was *Hazelton*, for the plaintiffs.

*James Bell*, for the defendants.

GILCHRIST, J. The covenants by the defendants in the indemnifying bond are very general, and embrace all losses which the plaintiffs could sustain by reason of their having become sureties in the bond to the judge of probate. Cases similar in principle to the present have often arisen, and the decisions are so numerous and comprehensive, that the questions before us can be determined without difficulty.

The commissioner has presented to us, in his report, certain questions relating to notice, and the amount which the plaintiff may recover is made to depend on the necessity of a notice, and on the sufficiency of the evidence stated, to prove notice.

It is necessary to examine the authorities at some length, in order to ascertain what sum the plaintiffs are entitled to recover. In the case of *Duffield* vs. *Scott*, 3 *T. R.* 374, the action was debt on a bond, conditioned in the most general terms to indemnify the plaintiff against his wife's debts, and against all demands by reason of any cause, matter, or thing whatsoever, concerning her. The defendant pleaded a general performance; to which the plaintiff replied, that one *Cuthbert* sued him on account of certain goods sold and delivered to the plaintiff's wife, and recovered judgment for the debt and costs, which he was obliged to pay. He also averred, that in the defence of that suit he necessarily laid out the sum of £40, of all which the defendant had notice. *Shepherd*, for the defendant, contended that in order to entitle himself to recover the costs and expenses attending the recovery of Cuthbert's demand, the plaintiff should have shown that he had given notice to the defendant of that demand, by neglecting to do which, those costs and expenses were incurred. But it was held that the plaintiff was entitled to recover. Lord *Kenyon* said, that if it had been intended by the parties that the obligor should have notice of each demand, that should have been inserted as a condition in the articles of separation between the plaintiff and his wife. An action was commenced by Cuthbert, which, for anything that appeared to the contrary, was the the first notice the plaintiff had of that demand, nor did it appear on the record but that these costs were incurred in the first stage of the proceeding, in which case no neglect was imputable to the plaintiff. His Lordship concluded by saying that the plaintiff was entitled to the costs and expenses attending *Cuthbert's* action, as well as the debt itself. *Buller*, J. said,

" the purpose of giving notice is not in order to give a ground
of action ; but if a demand be made which the person indem-
nifying is bound to pay, and notice be given to him, and he
refuse to defend the action, in consequence of which the per-
son to be indemnified is obliged to pay the demand, that is
equivalent to a judgment, and estops the other party from
saying that the defendant in the first action was not bound
to pay the money." In the case of *Smith* vs. *Compton*, 3
*B. & Ad.* 407, the defendant conveyed premises to the plain-
tiff, and covenanted for good title. An action of formedon
was afterwards brought against the plaintiff by a party hav-
ing better title, and the plaintiff compromised it for £550.
It was held that the plaintiff, in an action for the breach of
the covenant, might recover the whole sum so paid, and his
costs as between attorney and client in the compromised suit,
although he had given no notice of that suit to the defend-
ant. Lord *Tenterden* said, that " the only effect of want of
notice in such a case as this, is to let in the party who is
called upon for an indemnity to show that the plaintiff has
no claim in respect of the alleged loss, or not to the amount
alleged ; that he made an improvident bargain ; and that
the defendant might have obtained better terms if the oppor-
tunity had been given him. As to the costs, the plaintiff
here had a right to claim an indemnity, and he is not indem-
nified, unless he receives the amount of the costs paid by
him to his own attorney." In *Sparkes* vs. *Martindale*, 8 *East*
593, bail who were indemnified were sued on the bail bond,
and paid the debt into court, as a condition of an injunction
against the suit. It was held that if the defendant after no-
tice did not immediately take upon himself the defence of
the suit, but let them pay the expense as it went on, he suf-
fered them to be damnified ; and whatever the event of
suit might be, they would have to pay the difference be-
tween the actual and the taxed costs. Lord *Ellenborough*
said, that the plaintiff was entitled not merely to be indem-
nified for expense actually incurred, but to be saved harm-

less, from the incurring of any by reason of his engagement, which was to prevent his being damnified. But where an action is brought against the bail, which he defends unadvisedly and without foundation, he cannot charge the defendant, the principal, with the costs of the defence. *Fisher* vs. *Fallows*, 5 *Esp.* 171. So a person indemnified cannot charge the person indemnifying with the costs of defending an action for a debt clearly due, unless authorized by him to defend. "A man has no right," says Lord *Tenterden*, "merely because he has an indemnity, to put the person guaranteeing to useless expense." *Gillett* vs. *Rippon*, *M. & M.* 406. In a suit upon the covenants in a lease, where the breach was that the plaintiff had been obliged to pay one Clark, to whom he had assigned the lease, £120, because the covenants had been broken, and lease had become void or voidable, it appeared that a part of the sum which the plaintiff sought to recover, was attributable to damages arising from the plaintiff's own acts. "No person" said Lord *Denman*, "has a right to inflame his own account against another, by incurring additional expense in the unrighteous resistance to an action which he cannot defend." *Short* vs. *Kalloway*, 11 *Ad. & E.* 28. In a suit on a bond given by the defendants to the plaintiff, who was sheriff of a county, as security for the gaol liberties granted by the plaintiff to one *Brigham*, it appeared that a verdict had been recovered against the plaintiff for the escape of *Brigham*, in a suit which the plaintiff defended, aided by the defendants. It was held that the costs of that suit might be recovered of the defendants. "They were" said *Kent*, C. J., "part of the loss and damage which the plaintiff had sustained by means of the default of the defendants in not satisfying the creditor." A tender of the amount due on a joint and several promissory note, by a surety, while an action brought by the holder against the principal is pending, will not discharge the surety from his liability, unless he also offer to indemnify the holder against the costs of such action. *Hampshire Bank*

vs. *Billings*, 17 *Pick.* 87. A grantee, with warranty, may recover the sum he has paid to extinguish a paramount title, with a compensation for his trouble and expenses. *Loomis* vs. *Bedel*, 11 *N. H. Rep.* 74.

The above authorities show that a notice in a case like the present, is not a prerequisite to the maintenance of the suit. If the defendant be not notified, he may show that the plaintiff ought not to recover the amount he has paid. But if he be notified, and refuse to defend the action, he will be estopped from showing that the plaintiff was not bound to pay the money, and ought not to recover it. It does not appear here at what stage of the proceedings on the probate bond the plaintiff incurred expenses in defending against it. It may have been after the conversation between Mr. Eastman and the defendant, nor does it appear that the defence by the plaintiff to that suit was improvidently made. Now this conversation was in substance a request to the defendant to take upon himself the defence of that suit. This he did not do, and an objection to paying the expenses which the plaintiff incurred, comes with an ill grace from the defendant, when he had the opportunity of managing the defence himself, and of defeating the suit, if that were practicable. We think, therefore, that the plaintiffs are entitled to recover the amount they have been obliged to pay, with interest thereon according to the commissioner's report, and the expenses they have incurred concerning the suit on the probate bond, and for this sum there must be

*Judgment for the plaintiffs.*