# BELKNAP,

## JULY TERM, A. D. 1844.

### ROBINSON & a. *vs.* HILL.

The plaintiffs gave a bond to one Fletcher for the benefit of the defendant, and the latter gave the plaintiffs a mortgage, conditioned to save them harmless, and indemnify them from all costs, trouble and expense which they might be put to in consequence of having signed the bond to Fletcher, in which mortgage a horse with other property was included. The plaintiffs were compelled by a suit to pay a sum of money to Fletcher, and were forced to incur trouble and expense in order to get possession of the horse under the mortgage.—*Held*, that, by virtue of the condition of the mortgage, they were entitled to recover compensation for the trouble and expense thus incurred.

TROVER, for a wagon, attached by the defendant, a deputy sheriff, as the property of one Sargeant, and sold by him at auction in the year 1841, on an execution in favor of Holmes and Homer, of Boston.

On the 9th day of January, 1840, the plaintiffs took from Sargeant a mortgage, duly executed and recorded, of certain personal property, including the wagon. The condition of the mortgage was as follows : " Provided, that if I, my executors, administrators and assigns, shall save harmless and indemnify the said Robinson and others from all costs, trouble and expense which they may be put to in consequence of having signed a bond, of even date herewith, conditioned to indemnify Franklin Fletcher from all costs, trouble and damage he may be put to in consequence of having attached goods upon a writ in my favor against Charles R. Winter, then these presents shall be void."

In the year 1842 the plaintiffs were compelled by a suit at law to pay to Fletcher the sum of eighty dollars, and soon afterwards, and before the commencement of this suit, they took possession

of a horse, which was also included in the mortgage, and still retain him in their possession.

In the month of August, 1842, the defendant proposed to one of the plaintiffs that he would take the horse, and pay all that the plaintiffs were liable to pay on the bond to Fletcher. This proposition was declined, unless the defendant would also pay for the trouble and expense incurred in going to get the horse on the mortgage.

The only question for the court was, whether, by the condition of the mortgage, the plaintiffs were entitled to compensation for such trouble and expense.

*H. L. Hazelton*, for the plaintiffs.

*Nesmith*, for the defendant.

GILCHRIST, J. The plaintiffs being bound to indemnify Fletcher from all costs, trouble and damage he might be put to, &c., received the mortgage in question of the defendant, conditioned to indemnify them from all costs, trouble and expense they might be put to in consequence of having signed the bond to Fletcher. The horse was mortgaged to secure the performance of the condition, and the plaintiffs having been damnified, took him into their possession, but in doing this incurred trouble and expense. In consequence of having signed the bond to Fletcher, they were compelled to resort to the mortgaged property to indemnify themselves, and no reason occurs to us why the trouble and expense they incurred in availing themselves of their security, is not provided for by the language of the condition.

We have recently had occasion to examine the authorities upon a question similar to that now before us, in the case of *French* vs. *Parish*, 14 *N. H. Rep*. 496. In the case of *Sparkes* vs. *Martindale*, 8 *East* 593, the plaintiff, who was indemnified as bail, was sued on the bail bond, and it was said by Lord *Ellenborough* that the plaintiff was entitled not merely to be indemnified for expense actually incurred, but to be saved harmless from incurring any by reason of his engagement. In *Kip* vs. *Brig-*

*ham,* 7 *Johns.* 168, there was a suit on a bond given by the defendants to the plaintiff, who was sheriff of a county, as security for the gaol liberties granted by the plaintiff to one Brigham. A verdict had been recovered against the plaintiff for the escape of Brigham, in a suit which the plaintiff defended, aided by the defendants. It was held that the costs of that suit might be recovered by the defendants. " They were," said *Kent,* C. J., " part of the loss and damage which the plaintiff had sustained by means of the default of the defendants, in not satisfying the creditor." In the case of *Loomis* vs. *Bedel,* 11 *N. H. Rep.* 74, it was held that a grantee with warranty might recover the sum he had paid to extinguish a paramount title, with a compensation for his trouble and expenses.

It is not necessary to go any farther than the above authorities in order to be justified in holding that the plaintiffs are entitled to recover the compensation they are seeking. The defendant has no reason for complaining if the plaintiffs should recover. It was his neglect which caused the action to be brought against the plaintiffs, and which forced them to resort to the mortgage he had given them for their security, as it was just they should do. But even the mortgaged property was not forthcoming, as it ought to have been, without the interference of the plaintiffs, but they were obliged to incur trouble and expense in procuring it. And as " trouble and expense" are two of the matters from which the defendant has agreed in terms to save the plaintiffs harmless, our opinion is that, for a sum which will compensate them therefor, to be ascertained in some proper mode, there should be

*Judgment for the plaintiffs.*