## INHABITANTS OF WESTFIELD *vs.* AMAZIAH MAYO.

Hampden.   Sept. 29, 1875. — March 3, 1876.   AMES, DEVENS & LORD, JJ., absent.

May 22, 1876. — March 7, 1877.

By the terms of a written contract, A. agreed to do for B. the brick work of a cer‑ tain building owned by a third person.   B. agreed to furnish and deliver all the bricks necessary to finish the building for $11 a thousand to be paid him by A., and agreed to pay A. $17 a thousand for all bricks laid, part each month, and the rest when the work was finished.   B. was to furnish boards for covering the bricks, and to have everything required by the contract ready for use as fast as required by A.   Bricks were delivered by B. and placed in piles by his direction, in a temporary shed built by A. for the purpose, and, while there, the shed gave way and the bricks fell upon a sidewalk and a person was injured by falling over them. A. used the bricks in the building both before and after the accident, but all the bricks were not used by him.   It was found as a fact that the negligence of the owner of the bricks caused the accident.   *Held,* that B. was the owner of the bricks at the time of the accident.

A notice, by a town to a person engaged in putting up a building, of an action brought against it to recover damages for an injury caused by an obstruction, created by him, stated that the place of the alleged injury was "on the highway in front or near the site of the " building, and specifying it by name, and requested him to defend the action.   *Held,* that the notice stated, with sufficient certainty, the place of the in‑ jury.

A town, which defends an action brought against it to recover for an injury caused‑ by the negligence of the defendant in creating an obstruction upon the highway, and which notifies him of the pendency thereof and requests him to defend it, may recover not only the amount of the judgment recovered against it, but also reasonable expenses incurred in defending the same, including counsel fees.

TORT to recover the amount of a judgment paid by the plain‑ tiff to Mary J. Hanchett for injuries sustained by her upon a highway which the plaintiff was bound to keep in repair · and also $150, the expenses of the suit in which that judgment was recovered.   Trial in the Superior Court, without a jury before *Rockwell,* J., who found the following facts :

Hanchett was injured on March 23, 1873, by falling upon loose bricks, lying on the sidewalk near the corner of King Street and Washington Street, in Westfield.   Upon the lot at that corner, the Normal School boarding-house was building, and the bricks had fallen upon the sidewalk, from piles of bricks in a temporary shed which had been built by Rice & Gordon. This shed extended along Washington Street, with its end on King Street.   The end of the shed was not strong enough to hold

the piles of bricks, and they finally broke through, and many of them fell out upon the sidewalk and caused the injury. The negligence of the owner of the bricks, if he had placed and left them in that situation, was the cause of their falling upon the sidewalk. One Bush sold and delivered the bricks to the defendant Mayo, and upon unloading them from his wagon, placed them in these piles by the defendant's direction, where they remained several weeks till they fell. The bricks used by Rice & Gordon, in building the Normal School boarding-house, were taken from these piles, partly before and partly after the accident, but all the bricks in the piles were not used by them.

The defendant contended that by virtue of a contract in writing dated October 24, 1872, the material part of which was as follows, he was not the owner of the bricks at the time of the injury, but Rice & Gordon were the owners :

" The said Rice & Gordon hereby agree to do for the said Mayo all the brick work and plastering required by the plans and specifications for the completion of the Normal School boarding-house for the Massachusetts Board of Education, on its ground in. Westfield, Massachusetts, in a good and workmanlike manner. And the said Mayo hereby agrees to furnish all stone necessary for the work, finished and ready to set, on the ground, and to furnish and deliver on the lot all brick necessary to complete the building, for the price of eleven dollars per thousand, to be paid him by the said Rice & Gordon, and he agrees to pay the said Rice & Gordon the sum of seventeen dollars per thousand for all bricks laid, the quantity to be determined by measurement, reckoning twenty-four bricks to the cubic foot, and to measure in and pay for all stone work at the same rate, and the sum of thirty-five cents per square yard for all plastering, and at the end of each month to pay eighty per cent. of the value of all that shall have been done as above, and the balance when the work shall have been finished. It is further agreed that said Rice & Gordon shall do any stucco work, or any work not mentioned in this contract which is required, for which they shall receive the market price. The said Mayo further agrees to furnish all boards necessary to build a suitable lime house and to cover brick and the walls. The said Mayo further agrees to

have everything, which he is required by this contract to furnish, ready for use as fast as it shall be required by the said Rice & Gordon, for the most convenient and expeditious performance of their contract; and he further agrees to cause all the other work and materials of said building to be done and furnished at such time and in such manner as not to hinder or delay the said Rice & Gordon in carrying on their work as rapidly as they may desire to do, and he hereby agrees to pay them damage for any hindrance or delay arising from his failure to perform his contract as above."

The judge ruled, as matter of law, that, by the true construction of the contract, the property in the bricks had not, at the time of the injury, passed from the defendant to Rice & Gordon; and that the contract had no effect to relieve the defendant from his liability, growing out of his ownership of the bricks, and his negligently placing them in that position and suffering them to remain there until they fell and lay upon the sidewalk, causing the injury.

The plaintiff introduced in evidence two notices, sent to and received by the defendant during the pendency of the original action, requesting him to appear and defend the same, describing the action in one of the notices as brought by Hanchett in the Superior Court for this county for an injury received by her " from a defect in the highway in said Westfield, while travelling on the same, and which highway is described in her writ;" and, in the other notice, describing the action as brought for damages sustained by her " on the highway in front or near the site of the Normal School boarding-house in said Westfield." The defendant objected to their introduction in evidence, as not specifying the place of the injury with sufficient certainty; but the judge admitted them.

The judge ordered judgment to be entered for the plaintiff for the amount of the former judgment and interest, and also $150, which was agreed to have been expenses paid out by the plaintiff for counsel fees in the original action. The defendant alleged exceptions.

*A. L. Soule,* for the defendant.

*G. M. Stearns,* for the plaintiff.

MORTON, J. This case was tried by the court without a jury, and the presiding justice has found, upon the evidence, that the defendant was the owner of a quantity of bricks, and that by his negligence they fell upon the sidewalk, and created the obstruction for which the plaintiff was held liable as alleged in its declaration. The defendant put in the written contract between him and Rice & Gordon, of which a copy is annexed to the bill of exceptions, and contended that by virtue of this contract the property in the bricks had passed to Rice & Gordon; but the court ruled that, by the true construction of the contract, the property had not passed, at the time of the injury for which the plaintiff was held liable, and that it had no effect to relieve the defendant from his liability growing out of his negligence as owner.

The only question of law presented on this part of the case is, whether, by virtue of that contract, the property in the bricks passed to Rice & Gordon when they were placed in the shed built by them on the grounds upon which they were at work, and we are of opinion that it did not.

The contract provides, in substance, that Rice & Gordon shall do for the defendant the brick work of the Normal School boarding-house, that the defendant shall furnish and deliver on the lot the necessary brick for the price of $11 per thousand, and that he shall pay Rice & Gordon $17 per thousand for all bricks laid, eighty per cent. to be paid at the end of each month and the balance when the work was finished. It is evident that this arrangement was adopted as a mode of computing the price which Rice & Gordon were to be paid for laying the brick, and that a sale of the brick to them was not contemplated by the parties. Mayo was only required to furnish the brick as fast as it was required for the work. The fact, that he anticipated the work by putting upon the lot a large quantity at once, would not give Rice & Gordon any title to the bricks. He might use the bricks or any portion of them for other purposes, and they could not complain, provided he furnished suitable bricks as fast as their work required. A part of the bricks put upon the lot by Mayo was not used in the building. Can it be contended that these passed to Rice & Gordon, and that Mayo can charge them in his final settlement?

We are of opinion that no title in the bricks passed to **Rice &** **Gordon** by virtue of this contract, and that the ruling of the Superior Court upon this point was correct.

The exception to the admission of the notices to the defendant to take upon himself the defence of the suit against the town, is not well founded. If the first notice was insufficient, the second was as full and precise as was necessary, and was sufficient. *Milford* v. *Holbrook*, 9 Allen, 17. *Boston* v. *Worthington*, 10 Gray, 496. It was, therefore, rightly ruled that the plaintiff was entitled to judgment.

But whether the judgment should include the amount of the expenses paid by the town in defending the former action, is a question of some difficulty and of much importance in practice, which was hardly touched in the arguments at the bar, and upon which the court desires the assistance of a further argument by counsel. *Case to stand for further argument accordingly.*

Upon this point written arguments were submitted May 22, 1876, and were considered by all the judges.

*A. L. Soule*, for the defendant, cited *Nowell* v. *Roake*, 7 B. & C. 404; *Symonds* v. *Page*, 1 Cr. & J. 29; *Doe* v. *Hare*, 2 Dowl. P. C. 245; *Wrightup* v. *Chamberlain*, 7 Scott, 598; *Penley* v. *Watts*, 7 M. & W. 601, 609; *Leffingwell* v. *Elliott*, 10 Pick. 204; *Barnard* v. *Poor*, 21 Pick. 378, 381; *Reggio* v. *Braggiotti*, 7 Cush. 166.

*G. M. Stearns*, for the plaintiff, cited *Aslin* v. *Parkin*, 2 Burr. 665; *Lewis* v. *Peake*, 7 Taunt. 153; *Pennell* v. *Woodburn*, 7 C. & P. 117; *Pow* v. *Davis*, 1 B. & S. 220; *Smith* v. *Compton*, 3 B. & Ad. 407; *New York State Marine Ins. Co.* v. *Protection Ins. Co.* 1 Story, 458; *Clark* v. *Carrington*, 7 Cranch, 308; *French* v. *Parish*, 14 N. H. 496; *Levitzky* v. *Canning*, 33 Cal. 299; *Marlatt* v. *Clary*, 20 Ark. 251; *New Haven & Northampton Co.* v. *Hayden*, 117 Mass. 433.

LORD, J. The remaining question in this case is, whether the plaintiff shall recover the amount paid as counsel fees in the suit against the town, which, it is agreed, are reasonable, if in law they are to be allowed. The defendant was notified by the town of the pendency of the original suit, and was requested to defend it, which he declined to do.

The difficulty is not in stating the rule of damages, but in determining whether in the particular case the damages claimed are within the rule. Natural and necessary consequences are subjects of damages; remote, uncertain and contingent consequences are not. Whether counsel fees are natural and necessary, or remote and contingent, in the particular case, we think may be determined upon satisfactory principles; and, as a general rule, when a party is called upon to defend a suit, founded upon a wrong, for which he is held responsible in law without misfeasance on his part, but because of the wrongful act of another, against whom he has a remedy over, counsel fees are the natural and reasonably necessary consequence of the wrongful act of the other, if he has notified the other to appear and defend the suit. When, however, the claim against him is upon his own contract, or for his own misfeasance, though he may have a remedy against another and the damages recoverable may be the same as the amount of the judgment recovered against himself, counsel fees paid in defence of the suit against himself are not recoverable.

The decision in *Reggio* v. *Braggiotti*, 7 Cush. 166, is adverse to the allowance of counsel fees, as falling within the latter class. In that case the plaintiff sold to Henshaw, Ward & Co. an article with a warranty that it was known in commerce as opium; and Henshaw, Ward & Co. recovered damages against the plaintiff upon his warranty. They, having made the warranty, were responsible for damages resulting from the breach of their own contract. The defendant in that case had made a similar warranty to the plaintiffs, and although they were liable to him upon that warranty, it was held that they were not liable for counsel fees paid in defending their own warranty. Although the reasons for that decision, which are very briefly given, are not the same which we now assign in support of it, the decision itself is sustained by the authorities.

In *Baxendale* v. *London, Chatham & Dover Railway*, L. R. 10 Ex. 35, it appeared that one Harding had contracted with the plaintiff to convey certain valuable pictures from London to Paris. The plaintiff, by another contract, agreed with the defendant for the carriage by the defendant of the same pictures to the same destination. The pictures were damaged in the

transportation. Harding brought his action against the plaintiff for damage to the pictures upon the contract between them and recovered. The plaintiff then brought his action against the defendant for breach of its contract with him; and the defendant denied its liability, but being held liable, the question arose whether counsel fees which the plaintiff had expended in defence of Harding's claim upon him should be added as damages to the amount recovered by Harding; and it was held that they could not be.

In *Fisher* v. *Val de Travers Asphalte Co.* 1 C. P. D. 511, the same result was reached. In that case the plaintiff made a contract with a tramway company to construct a tramway in a workmanlike manner with Val de Travers asphalte and concrete, and to keep the same in good order for twelve months. The plaintiff also contracted with the defendant to construct for him the same tramway and with like warranty. The plaintiff, however, did not make the contract with the defendant to construct the tramway for himself, but he had agreed to construct it for the Metropolitan Tramway Company, which was the owner of the tramway. One Hicks sustained an injury by reason of the defective condition of the way, and commenced proceedings against the Metropolitan Tramway Company for damages, and the Metropolitan Tramway Company notified the plaintiff, and the plaintiff notified the defendant. The defendant declined to interfere. The plaintiff, however, took upon himself the defence of the suit against the tramway company, and adjusted it; and the settlement was found to be a reasonable and proper one. In his action against the defendant, he contended that his counsel fees incurred in the previous proceedings should be added to the amount paid to Hicks. Brett and Lindley, JJ., in their several opinions, felt themselves bound by the decision in *Baxendale* v. *London, Chatham & Dover Railway*, above cited, but thought that, if they were not precluded by that decision, they should have great difficulty in refusing to allow counsel fees in addition to the amount paid as damages; but Lord Coleridge, C. J., while holding that that decision was conclusive, was not prepared to say that it was not right in principle. And he uses this very suggestive language: " The tramway company contract with Fisher; Fisher contracts with the defendants, and the claim of

Hicks arises from negligence of the latter. Are the defendants to be liable to three sets of costs, because the actions may have been reasonably defended? If they are, the consequences may be serious. If not, at which link of the chain are the costs to drop out?"

Following this suggestion, if, in the case of *Reggio* v. *Braggiotti*, there had been ten successive sales instead of two, and each with the same implied warranty, and successive suits had been brought by the ten successive purchasers, each against his warrantor, would the first seller be liable for such accumulation of counsel fees upon his contract of warranty? If not, in the pertinent language just quoted, " at which link of the chain are the costs to drop out?" In each of these cases, it will be observed that the counsel fees were paid in defending a suit upon the party's own contract.

In the present case, the plaintiff was not compelled to incur the counsel fees by reason of any misfeasance, or of any contract of its own, but was made immediately liable by reason of the wrongdoing of the defendant. There seems therefore to be no ground, in principle, by which it should be precluded from recovering as a part of its damages the expenses reasonably and properly incurred in consequence of the wrongdoing of the defendant. Within this rule a master, who is immediately responsible for the wrongful acts of a servant, though there is no misfeasance on his part, might recover against such servant not only the amount of the judgment recovered against him, but his reasonable expenses including counsel fees, if notified to defend the suit. It may be said in that case, as in this, that there may be a technical misfeasance, or rather nonfeasance, in not guarding more carefully the conduct of the servant, or in watching for obstructions in the street; but no negligence is necessary to be proved in either case as matter of fact; the party is directly liable because of the wrong of another, whatever diligence he may have himself exercised. It does not, however, apply to cases where one is defending his own wrong or his own contract, although another may be responsible to him.

In *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24, the question was raised whether the defendant was liable over to the plaintiff for damages which had been recovered against the plain-

tiff by reason of a defective highway, which defect was caused by the defendant. That is the leading case in this Commonwealth, in which it is settled that the municipal corporation which is bound by law to keep its roads safe and convenient is not *in pari delicto* with the party by whose direct act the defect exists. That decision is based upon the principle that the keeping of roads safe and convenient is a corporate obligation imposed by law ; and although it does not in words declare that it is immaterial whether there was negligence in fact, the existence of the defect during the statute time is recognized as, of itself, conclusively establishing the legal liability of the municipality. In that case, the question was directly raised whether the costs of suit, including the reasonable counsel fees, were recoverable. In the discussion by Mr. Justice Wilde, who delivered the opinion, no distinction was made between taxable costs and reasonable counsel fees. It was decided that neither taxable costs nor counsel fees could be recovered. We think, however, that the whole course of reasoning is in conformity with the views which we adopt. At the time the cause of action accrued (1832) and when the judgment was entered (1839) if damages were recovered for injury sustained because of a defect in a way, which had existed for the space of twenty-four hours, and after the town had had reasonable notice of the defect, it was the duty of the court to enter judgment against the defendant for double the amount of the' sum returned as damages by the jury. St. 1786, *c.* 81, § 7 ; Rev. Sts. *c.* 25, § 22. The court says in the opinion, " The ground of defence taken by the town in the former action is well remembered, although it does not appear in the present report." That defence is thus stated : " The ground of defence in that action on the part of the town was, that they had no sufficient notice of the defect in the road, and that the remedy for the injured party was against the present defendants. The suit therefore was not defended at the request of the defendants or for their benefit ; at least, no such request has been proved." And the court adds : " If the claim of the injured parties had been made on the defendants, or if they had had notice that the town defended the suit against them in behalf of the defendants, they might have compromised the claim." The exact point of the decision in this respect was that the town was defending, to a

great extent, against its own obligation, for which the defendants were not responsible either to them or to the injured party. It was the special particular legal obligation of the defendants themselves, which they defended against, and not simply the act of the defendants. The language of the court immediately preceding the question of liability for costs is : " They are not, however, entitled to a full indemnity, but only to the extent of single damages. To this extent only, were the defendants liable to the parties injured, and so far as the plaintiffs have been held beyond that extent, they have suffered from their own neglect and whether it was actual or constructive is immaterial. The damages were doubled by reason of the neglect of the town ; and although there was, in fact, no actual negligence, yet constructive negligence was sufficient to maintain the action against them ; and they must be responsible for the increased amount of damages, and cannot throw the burden on the defendants."

Throughout the whole reasoning of that case, we think the principle which we adopt, though not stated in terms, is clearly recognized. It is simply this : If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it ; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defence. And this rule, while consistent with legal principles, is sanctioned by the highest equitable considerations. If the party ultimately liable for his exclusive wrongdoing has notice that an intermediate party is sued for the wrong done by him, it is right, legally and equitably, that he take upon himself at once the defence of his own act, thereby settling the whole matter in a single suit; if he requires the intermediate party to defend, there is no rule of law or of morals which should relieve him from the consequences of his additional neglect of duty. Upon the whole, therefore, we are entirely satisfied that the exceptions must be overruled and judgment entered for the plaintiff for the larger sum, which includes what, it is agreed, are reasonable counsel fees.

*Exceptions overruled.*