CHASE & *a.* v. BENNETT.

In an action for neglect of a city clerk to enter a mortgage upon the record index, whereby the plaintiffs were induced to take a mortgage

of the same property supposing it to be unincumbered, counsel fees paid in defending a suit by the prior mortgagee for the property will not be an item of damages unless they were the natural and reasonably necessary consequence of the negligence, and the defendant was notified to take the defence of the suit and refused.

CASE, against the defendant, as clerk of the city of Manchester, for neglecting to note upon the index, as required by law, a mortgage of personal property given by the Elm Street Universalist Society to one Simons, and falsely stating that if any such mortgage had been given it would be found noted in the index, whereby the plaintiffs were induced to take a mortgage upon the same property, supposing it to be unincumbered.

Simons brought an action of trover against the plaintiffs for the property, and prior to the commencement of his action the plaintiffs had actual notice of his mortgage, which had been recorded and properly indexed.

As part of their claim for damages, the plaintiffs offered in evidence their attorneys' charges against them in the Simons suit. The present plaintiffs' defence in that suit was an alleged want of authority in the directors of the Universalist society to empower their clerk to execute the mortgage. The court admitted the evidence, and ruled that if the defendant was liable at all, the plaintiffs might recover, as part of their damages, the counsel fees and charges paid by them in the Simons suit down to its decision in June, 1873. To this ruling the defendant excepted. The counsel fees and charges aforesaid amounted to $123. The jury found a verdict for the plaintiffs for $350, which the defendant moved to set aside, and for a new trial.

*C. R. Morrison* (with whom were *Stevens & Parker*), for the defendant.

*Osgood, W. Little, G. Y. Sawyer,* and *Briggs & Huse,* for the plaintiffs.

ALLEN, J. To entitle the plaintiffs to recover the item of counsel fees, they must have been incurred in good faith and have been the natural and reasonably necessary consequence of the defendant's negligence. *Kingsbury* v. *Smith,* 13 N. H. 110, 121, 125; *Robinson* v. *Hill,* 15 N. H. 477, 479; *Richards* v. *Whittle,* 16 N. H. 259, 260; *Hoitt* v. *Holcomb,* 32 N. H. 185, 211; *Westfield* v. *Mayo,* 122 Mass. 100, 105; 3 Pars. Cont. 213. Before the defendant can be charged with extraordinary expenses, like costs of an intervening suit, including counsel fees, he must have had opportunity to meet these charges himself, or satisfy the demands of the suit. To effect this he must have been notified to defend the claim made, and he can only be charged with the expenses of

such a suit after notice and refusal to come in and defend. *French* v. *Parish*, 14 N. H. 496, 502; *Kennison* v. *Taylor*, 18 N. H. 220, 221; *Westfield* v. *Mayo*, 122 Mass. 100; 3 Pars. Cont. 213. A new trial is granted on the item of counsel fees ($123) only, unless the plaintiffs remit that sum, in which case they may have judgment for the balance.

*Judgment on the verdict.*

STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.