Merrimack,
Oct. 4, 1901.

### FAIRFIELD v. DAY.

Where one partner, for a valuable consideration, agrees with another to pay all outstanding bills due on account of the business, the contract is not one of indemnity merely, but for unconditional payment, upon which the promisor is liable as soon as a breach occurs, the measure of damages being the full amount of accrued liability.

A partner who unconditionally assumes the payment of all debts on account of the business is liable to his copartner for the amount of judgments recovered against the latter by creditors of the firm ; but he is not liable for counsel fees incurred in good faith in a defence of the actions in which such judgments were rendered unless he was notified to defend the suits and refused to do so.

ASSUMPSIT.   Case agreed upon facts found by a referee, and transferred from the October term, 1900, of the supreme court by *Blodgett*, C. J.

The parties were formerly copartners at Concord in this county, as dealers in carpenters' supplies.   In April, 1896, the plaintiff purchased the defendant's interest in the business.   In August of that year, finding himself unable to pay the stipulated price, the plaintiff entered into an agreement with the defendant, by the terms of which the defendant was to pay him $2,700 in money, surrender the notes he held against him, and pay all outstanding bills due on account of the business ; and in consideration therefor, the defendant was to have the stock, fixtures, bills receivable, and all other property belonging to the business.   In pursuance of this agreement an inventory of the stock was taken, and this, together with the books, accounts, cash on hand, and all other

property relating to the business, was turned over to the defendant on or before August 29.

Among the claims which were outstanding against the plaintiff on account of the business when the agreement between the parties was made and concluded was one in favor of the Shepard & Morse Lumber Company, one in favor of R. B. Currier, and another in favor of the A. C. Dutton Lumber Company. The defendant subsequently refused to pay these claims, on the ground that he never assumed them. Thereupon Currier brought suit on his claim against the plaintiff, and in defence of this suit the plaintiff paid out in attorney's fees and expenses the sum of $321.52. The Shepard & Morse Lumber Company also brought suit against the plaintiff upon their claim, and recovered judgment therein, including debt and costs, for the sum of $633.93 ; and in defence of this suit the plaintiff paid out for counsel fees and expenses the sum of $89.38. The amount due and outstanding upon the Dutton Company claim at the time of the agreement was $271.50, and upon this claim no suit was brought. The plaintiff has never paid anything on account of the Shepard & Morse Company judgment, or on account of the Dutton Company claim, and both are still wholly unsatisfied.

Both parties admitted that claims of the creditors referred to were originally just claims against the plaintiff ; but he defended the suits against him upon the ground that the defendant assumed their payment under the agreement, and also upon the ground that the suing creditors had agreed to accept the defendant as their paymaster. The defendant was not cited in by the plaintiff to defend the suits, but he knew of their pendency and had knowledge of the proceedings incident thereto. The plaintiff's defence of the suits was justifiable and reasonable ; and the expense incurred by him in the Shepard & Morse Company suit was reasonable to the extent of $63.88, and in the Currier suit to the extent of $275.

If as a matter of law the plaintiff is entitled to recover upon the foregoing facts, he is entitled to judgment as follows : for the amount of the Shepard & Morse Lumber Company judgment, $633.93 ; the amount of the A. C. Dutton Lumber Company claim, $271.50 ; counsel fees in the Shepard & Morse Lumber Company suit, $63.88 ; counsel fees in the Currier suit, $275 ; with interest on said sums from the date of the writ.

*Matthews & Sawyer,* for the plaintiff.

*Burnham, Brown & Warren,* for the defendant.

BLODGETT, C. J.    The contention of the defendant is that his contract in respect to the payment of the outstanding bills was one of indemnity merely, while the contention of the plaintiff is that it was one for the unconditional payment of liabilities. There being a well-settled distinction between an agreement to indemnify and an agreement to pay, it is necessary in the first instance to determine the nature of the contract upon which this action is founded.

The contract speaks for itself.    By it, and for a valuable consideration, the defendant, among other things, " was to pay all outstanding bills due on account of the business," among which were the claims which are now sought to be recovered.    This language is plain and unequivocal.    It admits of but one construction.    In common understanding and in legal effect, the defendant undertook and agreed " to pay all outstanding bills due on account of the business " as his own proper debts, and not merely to indemnify the plaintiff against them.    In such a case, a recovery may be had as soon as there is a breach of the contract, and the measure of the damages is the full amount of the accrued liability; whereas in contracts of indemnity the obligee cannot recover until he has been actually damnified, and then only to the extent of the injury sustained by him up to the time of the institution of his suit.    *Wicker* v. *Hoppock*, 6 Wall. 94; *Jackson* v. *Port*, 17 Johns. 482; *Locke* v. *Homer*, 131 Mass. 93 (41 Am. Rep. 199), and authorities cited; *Pierce* v. *Plumb*, 74 Ill. 326; *Thompson* v. *Taylor*, 30 Wis. 68; *Smith* v. *Railway*, 18 Wis. 21; *American, etc., Ins. Co.* v. *Fordyce*, 62 Ark. 562 (54 Am. St. Rep. 305), and authorities cited; *Gilbert* v. *Wiman*, 1 Comst. 550,— 49 Am. Dec. 359, and note 362, 363; *Churchill* v. *Hunt*, 3 Denio 321.    The plaintiff is therefore entitled to recover the amount of the judgment of the Shepard & Morse Lumber Company against him, and also the amount of the A. C. Dutton Lumber Company claim, with interest upon both from the date of his writ.

The remaining question is whether he can also recover his counsel fees in the suits against him upon the bills which the defendant had assumed and agreed to pay.

To entitle the plaintiff to recover the items of counsel fees, they must have been incurred in good faith and have been the natural and reasonably necessary consequence of the defendant's negligence or wrong.    *Chase* v. *Bennett*, 59 N. H. 394, 395, and authorities cited.    Both of these requisites sufficiently appear in the present case; and it also appears that the defendant had knowledge of the suits in which the counsel fees were incurred.    But, in addition, it must further appear that he was notified to defend the suits and refused to do so.    *Ib.* 395, 396.    Such notice not

having been given, the items of counsel fees must be disallowed for this reason. Whether they might not also be properly disallowed upon other grounds, and especially because they were incurred by the plaintiff in suits against him upon his own contracts (*Westfield* v. *Mayo*, 122 Mass. 100, 105, 109; *Reggio* v. *Braggiotti*, 7 Cush. 166), need not now be considered.

*Case discharged.*

WALKER, J., did not sit: the others concurred.