Rockingham,  }
Sept. 4, 1906.  }

## HUBBARD v. GOULD & a.

One who is notified of pending litigation and given an opportunity to defend is concluded as to all questions determined therein which are material in an action for indemnity brought against him by the defendant in the original suit.

In an action for indemnity against one who was notified to defend, parol evidence is admissible to show the matters actually litigated in the original suit not disclosed by the record.

The fact that a landowner has paid damages recovered against him for injuries resulting from an unsuitable fence does not entitle him to an order of judgment in an action for indemnity against adjoining owners who were bound to repair, if the verdict and judgment in the prior suit fail to establish that the injury was occasioned by their negligence, without contributing fault on his part.

Where a landowner seeks to recover for an injury caused by an unsuitable fence which adjoining owners have agreed to maintain, the ground of his action is not the breach of the defendants' engagement, but their negligence in the performance of the assumed duty; and it is incumbent upon him to show that the injury was occasioned by such neglect, and was not due to want of care on his part.

In a suit for indemnity against one who was notified of pending litigation and failed to defend, the plaintiff may recover the expenses reasonably incurred in good faith in the prior action, as well as the amount of his property taken to satisfy the judgment rendered therein.

A bankrupt may litigate a claim in his favor which his assignee fails to prosecute after notice.

CASE, for negligence, with counts in assumpsit, to recover the amount paid on a judgment recovered by one Rogers against the plaintiff and the expense of defending the suit in which the judgment was rendered. Transferred from the April term, 1905, of the superior court by *Stone*, J.

In 1898, the plaintiff conveyed to the defendants a small tract of land adjoining his own. The *habendum* of the deed began as follows: "To have and to hold . . . so long as they make and maintain a line fence separating it from land of grantor and his heirs." The lands were separated by a barbed wire fence. In August, 1901, Rogers turned his horse to pasture on the plaintiff's land adjoining that of the defendants. At that time the wire fence between the lands of the parties was out of repair and in such a condition that Rogers' horse became entangled in the fence and was injured. The fence was in a suitable condition on July

4, and the defendants had no knowledge of any change in its con-- dition. The place of the accident was about 200 feet from the railway station where Hubbard was employed and about fifty feet. from the bars where the horse was turned into pasture. Rogers. brought suit against the plaintiff for the injury to his horse and recovered a judgment which was satisfied by levy upon the plain- tiff's property. The defendants were duly notified of the pendency of the suit and requested to undertake its defence, but did not do so. The question tried in the suit was the negligence of one or both parties. Hubbard, the present plaintiff, paid counsel and witnesses and other expenses in defending the action brought by Rogers.

On the foregoing facts, it was ruled *pro forma* that the plaintiff was entitled to judgment for the damages and costs recovered by Rogers and the costs of the levy, but not for the expense of defending the suit, and both parties excepted.

At the October term, 1902, the bankruptcy of Hubbard was suggested, and it was ordered that his trustee appear at the next term or there would be judgment for the plaintiff. The trustee did not appear.

*Burnham, Brown, Jones & Warren*, for the plaintiff.

*G. K. & B T. Bartlett*, for the defendants.

PARSONS, C. J. As the defendants had notice of and an oppor- tunity to defend the suit *Rogers* v. *Hubbard*, they are now con- cluded by the determination therein made of all facts which are now in controversy. *Boston & Maine R. R.* v. *Brackett*, 71 N. H. 494. The ground upon which the plaintiff can now recover for the injury to him because of the accident to Rogers' horse is the same as it would be if the suit were for injury to his own horse under similar circumstances. The judgment in Rogers' action is material only as evidence. Its sole effect is to relieve the parties of the necessity of proving or disproving any facts therein deter- mined. *Gregg* v. *Company*, 69 N. H. 247. The defendants are concluded as to all matters which were actually litigated and determined in the suit, and as to all matters of defence which they might have set up but did not. If the record does not disclose the matters actually litigated, the same may be shown by compe- tent evidence. *Hearn* v. *Railroad*, 67 N. H. 320.

It is found that the questions litigated in that suit were the negligence of both parties. The verdict and judgment establish, therefore, that Rogers was not guilty and the defendant Hubbard was. Hubbard's negligence for which he was held responsible in

that action may have been his personal fault, or it may have been the fault of the defendants, for which, as the owner of the land and lessor of the pasturage, he was responsible to Rogers. The declaration in this suit alleges the negligence established by the verdict and judgment to have been the negligence of the defendants. To recover for the damage to him because of an injury caused by the defendants' negligence in the performance of an assumed duty to maintain the fence, the plaintiff must show that the injury arose from the default of the defendants without the breach of any duty owed by him to them. The established fact that Hubbard is in fault, as between himself and Rogers, does not necessarily determine that he is also in fault as between himself and the defendants. *Boston & Maine R. R.* v. *Sargent,* 72 N. H. 455, 462, 463. The sole negligence charged against Hubbard may have been the unsafe condition of the fence, for which the defendants may be solely responsible. He may have been considered negligent, as between himself and Rogers, for not ascertaining the condition of the fence, or it may have been shown that he knew the danger before the horse came to the pasture. Reliance on the defendants to properly maintain the fence may not be negligence as between himself and them, and be of an entirely different character as between himself and Rogers.

Some of these questions may have been determined by the prior litigation; all of them could not be. The facts are not found by the case. There is no verdict for the plaintiff which upon the evidence and allegations might be considered to include a finding upon the essential facts in issue. The case is presented upon a *pro forma* ruling of law, that upon the facts stated the plaintiff is entitled to judgment. In the absence of a finding upon the issues raised by the declaration of the responsible fault of the defendants as the cause of the injury, without contributing fault by the plaintiff, the order of judgment cannot be supported. It is set aside, and the case must stand for further action in the superior court.

The ground upon which at the trial the plaintiff placed his right to recover does not appear upon the record. It is claimed in the brief for him that the action is for the breach of the defendants' contract to maintain a suitable fence, and sounds in contract and not in tort. If this be so, it would still be necessary for the plaintiff to show that the injury of which he complains was not due to his own want of care. In such an action the damages recoverable would be only such as were fairly within the contemplation of the parties when the contract was made, as the possible result of a breach. The parties could not have contemplated that the plaintiff would knowingly expose his own or others' beasts to injury. *Cate* v. *Cate,* 50 N. H. 144, 149; *Gilman* v. *Noyes,* 57

N. H. 627, 632; *Noyes* v. *Blodgett*, 58 N. H. 502; *Rafferty* v. *Drew*, 64 N. H. 616; *Hutt* v. *Hickey*, 67 ·N. H. 411, 417, 418; *Hadley* v. *Baxendale*, 9 Exch. 341.

But according to the declaration, and as matter of law, the ground of the plaintiff's action is not the breach of the defendants' engagement to maintain the partition fence, but is their negligence in the performance of the duty. Parties owning adjoining lands may have the fence between them divided by legal proceedings, or may agree upon a division, and of course may agree that one party shall be bound to maintain the whole. By statute (P. S., c. 143, s. 15), the party neglecting to build and keep in repair any partition fence which he is bound to maintain is liable for all damages resulting from such neglect. But the partition fence which an adjoining owner is bound to maintain is one sufficient to prevent the escape of domestic animals upon the land. Such a fence the statute defines. P. S., c. 143, s. 5. But any other fence which prevents the escape of such animals is sufficient. Rogers' horse did not escape through the insufficiency of the fence, but was injured by the character or condition of the fence. In performance of their fence-building duty, whether imposed by law, or by contract, or voluntarily undertaken, the common law imposed upon the defendants the duty of exercising care not unnecessarily to injure others, *i. e.*, to maintain the fence they agreed or assumed to maintain, in a condition reasonably safe and unlikely to injure animals on the plaintiff's land. *Durgin* v. *Kennett*, 67 N. H. 329. As the defendants' liability, if it exists, arises from a breach of this common-law duty, and not from a statute requiring them to fence against animals rightfully on the defendants' land, *Cressey* v. *Railroad*, 59 N. H. 564, cited by the plaintiff, is not in point.

The defendants also except to any liability upon the facts in the case. So far as that exception is based upon the findings made, it has already been sustained. Whether the acceptance of the deed reading "To have and to hold . . . so long as they make and maintain a line fence" implies a covenant or agreement to maintain the fence is not material. It is to be implied from the case that the defendants assumed to maintain the fence. Whether this duty resulted from a valid contract imposing the same, or was voluntarily assumed, they were bound to the exercise of care in what they did. *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522. If it is established that the defendants and not the plaintiff are responsible for the injury to Rogers' horse, the expenses reasonably incurred in good faith by Hubbard in litigating the questions raised by Rogers' claim are a part of his damages, as well as the amount of his property taken to satisfy the judgment against him, the defendants having declined· the opportunity to conduct

the defence which was tendered them.  *Fairfield* v. *Day*, 71 N. H. 63, 65 ; *Chase* v. *Bennett*, 59 N. H. 394, 396.

Under the bankrupt act of 1867, it was held that the bankrupt might litigate a claim which the assignee upon notice refused to prosecute.  *Towle* v. *Rowe*, 58 N. H. 394 ; *Ramsey* v. *Fellows*, 58 N. H. 607 ; *Young* v. *Kimball*, 59 N. H. 446.  No provision of the present law requiring a different conclusion has been called to our attention.  The order of judgment for the plaintiff is set aside.

*Case discharged.*

All concurred.