Barney, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
On the 16th day of June, 1905, the claimant entered into a contract with the Panama Canal Commission to deliver at Colon, in the Canal Zone, certain steel pipes, valves, etc., of different sizes, such delivery to be completed on or before September 30 of the same year. The claimant delayed in the performance of this contract, making its deliveries of such material in the following months of October, November, December, and January, the last delivery being made the 9th day of February, 1906. On the 5th day of April, 1906, the disbursing officer of the Panama Canal Commission paid the claimant the full contract price agreed to be paid by the terms of said contract. It appears by the findings that the material provided for in said contract was used by the Panama Canal Commission in the installation of water systems at different points in the Canal Zone, although there is nothing in the record to show that the claimant had any knowledge of such purpose at the time of the execution of the contract. During said period of delay the agents of the Panama Canal Commission, both by telegram *198 and mail, were repeatedly urging tibe claimant to hurry along said material and calling attention to the urgent necessity for the same.
On account of such delay said water systems were installed three months later than they otherwise would have been. In consequence said commission brought water in tank cars from a distance at considerable expense in order to supply the inhabitants of said cities with suitable drinking water. The findings show that said delay was the occasion of additional expense in other ways not necessary here to mention.
On the 18th day of December, 1906, the claimant entered into another contract with said commission to deliver the same character of material, which latter contract was fully and satisfactorily performed. April 1, 1907, said commission, in making settlement with the claimant for the balance due under said last contract, deducted from said balance the sum of $1,000 as damages, claimed to have been sustained by the United States growing out of the delay in the performance of said first contract.
By their answer in this case the defendants set up a counterclaim for $8,182.34, the same being the damages for delay which it is claimed is due under the first contract over and above the $1,000 deducted from the amount due under the last contract, as before stated. We do not think the counterclaim of the defendants can be sustained for two reasons:
I. The payment of the whole amount due under the first contract was a final settlement of all the matters connected with that contract and can not now be questioned, except for fraud or mistake of fact, and there is no evidence in the case indicating either. In fact, all of the material called for by the first contract was delivered two months before the final payment was made, when the Panama Canal Commission must have been fully informed as to what damages had then been sustained by reason of delay in the delivery of the material and as to what further damage was likely to occur. If the commission made any mistake as to the latter item, it was its own fault and the claimant is not to be made responsible for it.
*199 This payment by the defendants was a voluntary payment and, as before stated, can not now be questioned except for fraud or mistake of fact. The books are full of authorities to the point that when such adjustments are made they will not be disturbed by the courts unless for fraud or mistake. Brown’s Legal Maxims, 222; Elliott v. Swartout, 10 Pet., 137; United States v. Corliss Steam Engine Co., 91 U. S., 321; Griffith v. United States, 22 C. Cls., 165; United States v. Freeman, 3 How., 564; Arthur v. United States, 16 C. Cls., 422; Wunsch v. Boldt, 15 S. W. (Texas), 193.
The instant case is clearly distinguishable from the case of Peabody v. United States, 45 C. Cls., 532, where before the coal was delivered under the first contract the quartermaster reserved the right to submit a sample to the Quartermaster General for tests, and in case it fell below the test provided by the contract to charge the difference against the claimants. Also the case of Maryland Steel Co. v. United States, 48 C. Cls., 50, where the deduction under the first contract had been made contrary to law. It might be well here to remark that the judgment in the latter case was reversed by the Supreme Court upon another point, so that the correctness of the ruling of this court upon the question stated was not passed upon in that court.
There was no liquidated damage clause in the contract involved in the case at bar, and no provision for a penalty except a clause authorizing the Government to take the contract away from the claimant in case of default. As this clause was not taken advantage of by the Government, its only claim for damages on account of delay was that provided by the common law. It follows from this fact that there could have been no inadvertence on the part of the Isthmian Canal Commission in the enforcement of any of the provisions of the first contract when the settlement and payment were made under the same.
II. We think the deduction from the agreed price under the last contract was illegally made for another reason. The findings show that the damages arising out of the delay in the performance of the first contract which were deducted were (1) extra expense to the commission in providing some of the cities in Panama with drinking water, which other *200 wise would have been conveyed to these cities through these pipes if they had been delivered within the contract period; (2) higher wages which were paid for night labor made necessary by the expedition required on account of such delay; (3) extra expense incurred in the redigging of ditches which had previously been, prepared but the sides of which had fallen in during such period of delay.
There are few questions arising under the common law which have given rise to more discussion than what damages are to be considered natural and proximate and what remote, uncertain, and contingent. As was said by the court in Westfield v. Mayo, 122 Mass., 100:
“ The difficulty is not in stating the rule of damages, but in the determining whether, in the particular case, the damages are within the rule. Natural and necessary consequences are subjects of damages; remote, uncertain, and contingent are not.”
Probably as enlightening a statement of the rule as can be found in the boobs is that given in the famouse case of Hadley v. Baxendale, 9 Exch., 345, and which is quoted with approval in Primrose v. Western Union Tel. Co., 154 U. S., 1, 29-30:
“Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably.be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract.”
*201 See also Globe Co. v. Landa Co., 190 U. S., 540. Any number of cases might be cited touching the application of this rule, but no good purpose would be served by so doing.
Attention should be called to the fact that there is nothing in the record showing that the claimant had been informed or had any knowledge of the use to be made of the material which it had contracted to deliver. If an epidemic of typhoid fever had resulted from the insanitary water which the inhabitants of these cities in Panama had been compelled to use because of the want of these pipes, no one would contend that the damages arising from such epidemic could be assessed against the claimant, and we do not see how expense incurred in providing sanitary water stands upon any better footing.
This seems to us to have been a case where the Government should have provided for damages which might arise from delay by the liquidated damages clause; but this was not done, and we do not think the damages as stated in the findings were properly assessable against the claimant under the contract within the rule applicable to such cases.
It follows from the foregoing that judgment will be entered for the claimant in the sum of $1,000.
All concurring, Judge Howry not sitting.