Rockingham,
No. 5380.

UTICA MUTUAL INSURANCE COMPANY

*v.*

FREDERICK J. PLANTE *& a.*

Argued September 9, 1965.
Decided December 7, 1965.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* (*Mr. Dufresne* orally), for the plaintiff.

*Shute & Engel* and *Francis J. Frasier* (*Mr. Frasier* orally), for the defendants.

LAMPRON, J. The law is well settled in New Hampshire that there can be no recovery of counsel fees from the adverse party to a cause in the absence of statutory authorization, agreement between the parties, or some established exception. *Jacques* v. *Company*, 78 N. H. 248, 250. This is in accord with the law of most jurisdictions. *Shapiro* v. *Magaziner*, 418 Pa. 278; *Child* v. *Lincoln Enterprises, Inc.*, 51 Ill. App. 2d 76; 20 Am. Jur. 2d, Costs, *s.* 73, *pp.* 59, 60.

RSA 525:13 provides that a nominal attorney fee shall be allowed in bills of costs for an appearance by a defendant. "There is no statute which in terms or by implication authorizes the Court to allow more than that sum." *Jacques* v. *Company*, *supra*; *Murray* v. *Peabody*, 106 N. H. 319, 329. There is no allegation in this case of an agreement between the parties to pay counsel fees nor does this case fall within the well-established exceptions where the authority to allow such fees has been recognized. *Guay* v. *Association*, 87 N. H. 216; *Peterson* v. *Reilly*, 105 N. H. 340, 353.

If by reason of the fact that actions for declaratory judgments (RSA 491:22) are called petitions and are commonly placed upon the equity docket they may be said to possess certain attributes of equity proceedings (*American Employers Ins. Co.* v. *Liberi*, 101 N. H. 480, 482), this fact would not in itself give the Court power to allow counsel fees. *Drummond* v. *Drummond*, 414 Pa. 548.

The cases relied on by the defendants in which the Trial Court refused to permit the dismissal of plaintiff's action involved cross actions by the defendant for recoupment, separate maintenance and an injunction. *Johnson* v. *Association*, 68 N. H. 437; *Moylan* v. *Lamothe*, 92 N. H. 299; *Dorney* v. *Dorney*, 98 N. H. 159; *Sawtelle* v. *Tatone*, 105 N. H. 398. They do not govern this case where as part of their answer seeking the dismissal of plaintiff's action, the defendants sought their costs, which the Court allowed, and counsel fees, which were not. On the record transferred to this court the Trial Court properly granted plaintiff's request to dismiss its petition for declaratory judgment after settlement of the law actions which brought it about.

*Exceptions overruled.*

All concurred.