Merrimack
No. 7983

WALTER MORSE & *a.*

v.

DONALD FORD & *a.*

April 25, 1978

*Sulloway, Hollis, Godfrey & Soden*, of Concord (*Peter F. Imse* orally), for the plaintiffs.

*L. Wilder Quint*, of Concord, by brief and orally, for the defendants.

### MEMORANDUM OPINION

This case concerns the propriety of an award of attorney's fees to an indemnitee in a suit for indemnification. The parties in this case were all defendants in a prior action for damages. That case was settled for $47,000, the plaintiffs in the instant case paying one-half that sum and the defendants paying the other $23,500. The plaintiffs had offered the defendants the opportunity to defend that action, which was refused. Consequently, under our long-standing law, the plaintiffs were able to maintain an action for indemnification. *Chase*

*v. Bennett*, 59 N.H. 394 (1879). The jury returned a verdict for Mary Morse for one-half the amount sought, $11,750, and a verdict against Walter Morse. *See generally Sears, Roebuck & Co. v. Philip*, 112 N.H. 282, 294 A.2d 211 (1972). The defendants have paid that judgment.

Mary Morse then moved for attorney's fees and costs for the entire litigation. After a hearing *in camera, Cann*, J., awarded attorney's fees and costs in full. The defendants argue that either there is no right to attorney's fees in an indemnification proceeding or because both plaintiffs did not prevail, they should not have to pay fees and costs. They do not challenge the amount of the fees or seek an apportionment between the plaintiffs. We affirm the order.

A prevailing party in New Hampshire will recover attorney's fees when that recovery is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees. *Utica Mutual Ins. Co. v. Plante*, 106 N.H. 525, 526, 214 A.2d 742, 743 (1965). *See generally*, Doleac, *Court Awarded Attorneys Fees Under New Hampshire Common Law*, 17 N.H.B.J. 134 (1976). Our cases have held that attorney's fees are proper when an indemnitor is primarily responsible for the injury to the third party. *Hubbard v. Gould*, 74 N.H. 25, 28, 64 A. 668, 670 (1906) (dictum); *Fairfield v. Day*, 71 N.H. 63, 51 A. 263 (1901) (by implication); *French v. Parish*, 14 N.H. 496 (1843). The underlying facts of this case are quite similar to those of *Hubbard* and the award of attorney's fees fall squarely within the language of that case. We find no basis to conclude that the amount of fees is unreasonable. *See Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977).

*Exception overruled.*