## SCOTT *v.* WILKIE.

**A.** brings an action of replevin for the recovery of an Ox ; during the pendency of the suit he is adjudged a bankrupt upon his own petition, and the Ox is allotted to him as a part of his exemptions under the bankrupt law : *Held*, that the legal title to the Ox remained in A, and that it had never vested in the ASSIGNEE.

This was an action of Replevin, brought under the old system, tried upon a case argued before *Clarke*, J., at Spring Term, 1871, of JONES Superior Court.

After suit was brought, the plaintiff on his own petition was adjudged a bankrupt, and the assignee in bankruptcy set apart to plaintiff, among the articles of property exempted, the animal in question. Upon this state of facts, defendant's counsel moved to non-suit the plaintiff, which motion was refused, and upon the facts agreed, the Court rendered judgment against the defendant. Appeal.

*Green* and *Hubbard*, for plaintiff.
*J. H. Haughton*, for defendant.

A decree of Bankruptcy divests a bankrupt of all his property and rights of property, except articles exempt, and declares all suits pending to which he is party, shall be prosecuted or defended by the assignee, consequently assignee must be party to the litigation pending in favor of or against the bankrupt, or it cannot progress to a trial. *Lucy* v. *Rockett*, 11 Ala. Rep. 1002.

It is competent for the defendant to plead in law to an action by the bankrupt himself, the decree deciding the plaintiff a bankrupt. The effect of this plea may be avoided by the assignee making himself a party, but if he demurs and his demurrer is overruled and he does not plead further, judgment

will be rendered for the defendant. *Ib. Brown on actions*, 220.

After a person has been declared a bankrupt, and his goods passed to his assignee, he has no right of property or possession in the goods. *Redmon* v *Gould*, 7 Blackford Rep. 361.

BOYDEN, J. There is no error. Section 149, the Bankrupt Law provides, " that as soon as the assignee is appointed and qualified, the Judge, or where there is no opposing interest, the Register, shall by an instrument under his hand, assign and convey to the assignee, all the estate real and personal of the Bankrupt, &c., and thereupon by operation by law, the title to all such property and estate, both real and personal, shall vest in the assignee, &c., *Provided however :* that there shall be excepted from the operation of the provisions of this section, the necessary household and kitchen furniture, and such other articles and necessaries of such Bankrupt as the said assignee shall designate, and set apart, &c."

The animal in controversy, was thus designated and set apart, by the assignee, as excepted from the operation of that part of section 14th, which declares: " that the assignment shall by operation of laws, vest in the assignee, all the property both real and personal of the Bankrupt."

This same 14th section of the Bankrupt law, especially provides: " that the foregoing exception shall operate as a limitation, upon the conveyance of the property of the Bankrupt to his assignees; and in no case shall the property hereby excepted pass to the assignees, or the title of the Bankrupt thereto, be impaired or affected by any of the provisions of this act." So that it is clear that the title of the animal in dispute, did not pass to the late assignee, but continued in the Bankrupt, unimpaired and unaffected by his being adjudicated a Bankrupt.

This case will be certified.

PER CURIAM.                              Judgment affirmed.