TOWLE *v.* DAVENPORT.

*Bankruptcy—Nonsuit—Practice.*

When proceedings in bankruptcy are instituted by or against the plaintiff during the pendency of a suit, if the action is in relation to property or rights which vest in the assignee, as the representative of the bankrupt, it will not ordinarily be dismissed until the assignee has been notified of the pendency thereof, and neglects to appear and prosecute it.

In such case a nonsuit will not be ordered.

Whether, in case the assignee refuses to adopt and prosecute a suit in relation to property or rights which vest in him, the bankrupt will be allowed further to prosecute the same, *quære.*

FROM ROCKINGHAM CIRCUIT COURT.

EXCEPTIONS from the circuit court. At the April term, 1875, the suggestion of the plaintiff's bankruptcy was entered upon the docket, and thereupon the defendant moved that the action be dismissed. No order was made upon that motion. At the October term the motion was renewed; and the court ordered that a nonsuit be entered at the next January term, unless the assignee in bankruptcy should appear to prosecute the action by entering such appearance upon the docket within thirty days from the close of the October term. To this order the plaintiff excepted.

Transferred by FOSTER, C. J., C. C.

*Wood*, for the plaintiff.

*Locke*, for the defendant.

SMITH, J. By the 14th section of the bankrupt act of 1867, all the estate of the bankrupt vests in the assignee from the commencement of the proceedings in bankruptcy (with the exception of certain property specially exempted), including choses in action, debts due the bankrupt, and rights of action; and the assignee is empowered to sue for and defend all such property and rights, and prosecute and defend all suits in favor of or against the bankrupt, pending at the time of the adjudication of bankruptcy.

Notwithstanding the broad provisions of the statute, there are certain contracts entered into with the bankrupt which clearly will not pass to the assignee—as, for example, a contract to marry, a contract for the services and instruction of an apprentice, contracts generally for the personal services of the bankrupt, pensions granted for military services, contracts respecting trusts, and contracts which are a burden instead of a benefit to the estate of the bankrupt. *Streeter* v. *Sumner*, 31 N. H. 542.

So also an action, or right of action, in relation to property set apart to the bankrupt as exempt, would not pass to the assignee, and the bankrupt might continue to prosecute such action as well after as before bankruptcy. *Scott* v. *Wilkie*, 65 N. C. 376; Bump on Bankruptcy (5th ed.), 349. Whether the same would be the case if the assignee should refuse to adopt and prosecute a suit commenced before bankruptcy in relation to property or rights, which would otherwise vest in the assignee, is a question not raised by the exceptions before us.

It does not appear whether this action is one of which the subject-matter passed to the assignee. Unless it did, the bankrupt clearly has the right to prosecute it without interference from the assignee.

But if it be assumed that the action is one that passed to the assignee, he has his election whether or not to prosecute it. In the event of his refusal so to do, it must of course be dismissed. But if the assignee should appear and claim the right to prosecute the suit, he would

clearly be entitled so to do, upon giving security for costs. In order that a suit may not be dismissed without his knowledge, the better practice would be to issue a *scire facias* or order of notice on him to come in and prosecute, as is required to be done to an administrator upon the death of his intestate. Gen. Stats., ch. 179, sec. 11, and ch. 207, secs. 16, 18.

The order of the circuit court, that a nonsuit be entered at the next term unless the assignee should cause his appearance to be entered upon the docket within thirty days from the close of the term, would practically avail nothing to the assignee unless brought to his knowledge.

If a nonsuit is ordered, the defendant would ordinarily have judgment for his costs. But the plaintiff cannot prosecute the suit further, because by law he is divested of all interest in it. It would be unreasonable to subject him to costs for not prosecuting a suit which the law will not allow him to prosecute, but vests exclusively in another, as his representative. The proper course under such circumstances would seem to be to order the action dismissed.

I think the order should be, that the action be dismissed unless the assignee appear at a given time and prosecute the same, and the defendant should be required to serve the order upon the assignee within such reasonable time as the circuit court may limit.

LADD, J., concurred.

CUSHING, C. J. The effect of the bankrupt law appears to be to make the assignee a trustee, his trust being in the first instance to pay the expenses of the proceeding, then the debts of the bankrupt, and finally, if anything remains, to hold it for the use of the bankrupt, and to pay it over to him. I do not find any such express enactment as to the residuŭm, if any, in the present bankrupt law, but I think that must be the effect of it. If the defendant in the suit desires to protect himself from the assignee's claim upon him, he should be permitted to do so by causing the assignee to have notice to come in and take upon himself the prosecution of the suit.

It may be that for some sufficient reason the assignee does not interfere. Perhaps the creditors will not indemnify him against the expense of the proceeding. And yet there may be in the suit valuable claims which, if the creditors will not assert them, ought to belong to the bankrupt. After the assignee, having been by order of the court duly summoned in to take upon himself the conduct of the proceedings, has neglected to do so, justice requires that he should be held to have abandoned the claim, which thereafter should stand in the same position as any residuŭm which might be left after payment of all the expenses and debts of the bankruptcy, *i. e.*, should be held to belong to the bankrupt, and he should be permitted to prosecute the claim for his own benefit.

*Exceptions sustained.*