TOWLE v. ROWE, *Adm'r.*

A bankrupt may maintain a suit on a note and mortgage given to him be- fore bankruptcy, if the assignee in bankruptcy declines to collect the note, and to come in, on notice, and prosecute the suit.

WRIT OF ENTRY, to foreclose a mortgage. Plea *nul disseizin*, and a brief statement that the debt was paid, and if not paid, that the title was in the plaintiff's assignee in bankruptcy. The mortgage and note were given by the defendant's intestate to the plaintiff, May 13, 1861. The note and mortgage were pledged to secure a debt due from the plaintiff in 1874, and the plaintiff was adjudged a bankrupt February 22, 1875. The note was not in his schedule of assets. The jury found that the note and mortgage were not pledged in fraud of the plaintiff's creditors, and that the plaintiff had not sold them to and repurchased them of the pledgee. The plaintiff's assignee in bank- ruptcy was summoned in to prosecute the suit, but did not appear. Both parties claimed judgment.

*Hatch*, for the plaintiff.

*Wiggin & Fernald*, for the defendant.

ALLEN, J.   Possession of the note and mortgage by the plaintiff was *prima facie* evidence of his right to recover. *Drew* v. *Phelps*, 18 N. H. 572.   But the possession might be explained by evidence show- ing the right in another. *Southwick* v. *Ely*, 15 N. H. 541. To enable the plaintiff to maintain his suit, he must own, or have a substantial interest in, the subject-matter of the suit. *Phelps* v. *Mahurin*, 6 N. H. 536.   The plaintiff's interest in the note and mortgage, if any, was a right to redeem them from the pledgee by paying the debt. By reason of the plaintiff's bankruptcy, all his property and estate not by law exempt, and all his rights of action including the right to redeem the note and mortgage from pledge, became vested in his assignee in bankruptcy from the date of adjudication.   U. S. Rev. St., *s.* 5046 ; *Berry* v. *Gillis*, 17 N. H. 9. But the assignee was not bound to assert his right to the note and mortgage, nor to redeem them from pledge. As the trustee of the bankrupt's creditors, it was his duty to protect the estate from loss, and not diminish it by unnecessary and unrea- sonable expense.   He was not warranted in redeeming a pledge at an expense greater than the value of the property pledged ; and when notified of a pending suit in favor of the bankrupt, it was his duty to determine by a fair exercise of judgment whether or not he would come in and prosecute it.   *Amory* v. *Lawrence*, 3 Cliff. 535.   If the assignee abandons any property or right of property belonging to the bankrupt's estate, or if he declines to appear as prosecutor when sum-

moned in a pending suit in favor of the bankrupt, the right remains in or is restored to the bankrupt, for the bankrupt has the right against everybody but the assignee. *Fowler* v. *Down*, 1 Bos. & Pul. 44; *Towle* v. *Davenport*, 57 N. H. 149.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit.