RAMSEY & a. *v.* FELLOWS & a.

</div>

If the assignee of a bankrupt refuses to prosecute a right of action pending at the date of the commencement of bankruptcy proceedings, a suit of the bankrupt founded upon such right of action will not for that reason be dismissed, but may be prosecuted by the bankrupt for his own benefit.

TROVER, for a day-book, journal, and ledger, containing the plaintiffs' accounts against sundry persons. The defendants were a deputy sheriff and his servant. The plaintiffs claim that the books were wrongfully attached and taken away. Since the attachment the plaintiffs have become bankrupts, are now in bankruptcy, and their assignee refuses to appear or recognize the suit. The defendants moved that the action be dismissed.

*Carpenter* (with whom was *Putnam*), for the defendants. No one can be a party to a suit after his bankruptcy. *Collier* v. *Hunter*, 27 Ark. 74; Bump on Bankruptcy, 9th ed., 543. When a plaintiff becomes a bankrupt *pendente lite*, he loses his interest in the result of the suit, and his right to continue it further. The recovery, if any, would be for the use of the assignee, to whom all his rights of property pass by the assignment. The bankrupt is *civiliter mortuus*, and can no longer sue either for himself or another. In the name of the assignee alone can the suit be prosecuted. *Cannon* v. *Wellford*, 22 Gratt. 195; *Lacy* v. *Rockett*, 11 Ala. 1002; Bump on Bankruptcy, 144, 540–544, and cases cited; U. S. Gen. St., *s.* 5047. Whatever right the bankrupt had is assigned to and vests in the assignee, who thereby becomes, for the purpose of maintaining or defending suits, possessed, as of his own property, of the estate assigned to him. *Dambmann* v. *White*, 12 Bank. Reg. 438; S. C., 48 Cal. 439.

The bankrupt cannot prosecute the action in his own name, although he did not place the claim on his schedules. *Planter's Bank* v. *Conger*, 12 Smed. & M. 527. In the case of an assignment under the insolvent acts, by a complainant, the suit becomes so defective that the complainant cannot proceed any further against the defendant in his own name, if the latter raises the objection. *Sedgwick* v. *Cleveland*, 7 Paige Ch. 287. In *Springer* v. *Vanderpool*, 4 Edw. Ch. 362, Mc-Coun, V. Ch., says,—" This suit has become defective, not abated, by the bankruptcy of the complainant. It may still be prosecuted, but not by, or in the name of, the complainant. The assignee in bankruptcy may go on with it." If the complainant in a suit in equity becomes bankrupt *pendente lite*, the bill may on motion of the defendant be dismissed, unless the assignee interferes within a certain time. *Bailey* v. *Smith*, 10 R. I. 29.

Here, as the case finds, the assignee absolutely refuses to recognize the suit, and it must therefore be dismissed.

*Bingham & Mitchell* and *S. B. Page*, for the plaintiffs.

FOSTER, J. The plaintiffs' right to prosecute this action is not defeated by the refusal of the assignee " to appear or recognize the suit." All property, rights of property, and choses in action, belonging to a bankrupt, and not by law exempt, pass by force of the decree of bankruptcy to the assignee, by operation of law, and become vested in him from the date of adjudication. U. S. Rev. St., *s.* 5046; *Berry* v. *Gillis*, 17 N. H. 9; *Towle* v. *Rowe*, 58 N. H. 394; *Yorke* v. *Brown*, 10 M. &. W. 78. But, though the legal title passes to the assignee, he is not bound to take possession of all the property, nor to attempt to enforce all the bankrupt's claims. He is required to exercise his best judgment and discretion in the interests of the creditors, but he is not called upon to engage in prosecutions or litigation which may seem to be of doubtful advantage to the creditors; certainly not unless indemnified by them. Assignees of a bankrupt are not bound to take prop-

erty of the bankrupt's estate which will be a burden instead of a benefit to the creditors. It is said, "They are, on that subject, regarded as being in a very different position from that of the executors of a deceased testator, as the former take the property by operation of law, while the latter claim title through their testator, and are bound to perform his obligations to the extent of his assets." Robeson on Bankruptcy 322.

Where the assignee elects not to take the property or the rights of the bankrupt and charge the estate with the burden of an uncertain litigation, the property remains in the bankrupt, and the right, whatever it is, survives in the bankrupt. *Copeland* v. *Stephens*, 1 B. & Ald. 594, 603; *Fowler* v. *Down*, 1 Bos. & Pull. 44, 47; *Amory* v. *Lawrence*, 3 Clif. 523, 535, 536. In *Towle* v. *Davenport*, 57 N. H. 149, the *quære* was suggested, whether, in case the assignee refuses to adopt and prosecute a suit in relation to property or rights which vest in him, the bankrupt will be allowed further to prosecute the same; but in *Towle* v. *Rowe*, before cited, it was determined that the assignee was not bound to redeem a note and mortgage which had been pledged by the bankrupt, nor to bring or maintain a suit thereon; that he would not be warranted in redeeming a pledge at expense exceeding the value of the property redeemed, nor in prosecuting suits, the anticipated result of which would be a burden to the bankrupt estate; and that if the assignee does not choose to interfere, then the right remains in or is restored to the bankrupt,—for the bankrupt has the right against everybody but the assignee.

In the present case, the assignee refusing to appear or recognize the suit, the plaintiffs may prosecute it for their own benefit.

*Motion denied.*

BINGHAM, J., did not sit: the others concurred.