## LANE & a. v. MOORE.

A bankrupt defendant may be allowed to defend a suit when the assignee refuses to assume the control of the defendant's interest in it.

ASSUMPSIT, for materials furnished to build a livery stable. Attachment to secure statute lien. At the return term the bankruptcy of the defendant was suggested, and the action continued. At the next term it was shown that the assignee refused to appear. The defendant thereupon moved for leave to defend the suit. The court denied the motion, and ordered judgment *in rem*, to which the defendant excepted.

*Whittemore*, for the plaintiffs.

*A. F. L. Norris*, for the defendant.

DOE, C. J. As a bankrupt plaintiff may be allowed to maintain a suit which his assignee refuses to prosecute or dispose of (*Towle* v. *Davenport*, 57 N. H. 149; *Towle* v. *Rowe*, 58 N. H. 394; *Ramsey* v. *Fellows*, 58 N. H. 607), so a bankrupt defendant may be allowed to defend a suit when the assignee refuses to assume the control of the defendant's interest in it. The defendant's attached property, abandoned by the assignee, is still, for some purposes, the property of the defendant. If there is an attachment not dissolved by the assignment, the defendant may have an interest in the suit. Whether he has an interest which justice requires he should be allowed to protect by contesting the suit, is a question to be determined at the trial term. A continuance of the action to await the result of the proceedings in bankruptcy does not appear to be necessary.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.