HOUGHTON *v.* OWEN, *Adm'r.*

Under an agreement entered into in contemplation of erecting a building to furnish brick at eight dollars per thousand, without limitation as to the quantity to be furnished, money advanced in payment for brick expected to be needed, but not ordered nor wanted by reason of the suspension of work on the building, may be recovered back.

APPEAL, from a commissioner of insolvency, to recover a balance of $784.40, money paid by the plaintiff to the deceased.  Facts found by a referee.  In the fall of 1871 the plaintiff contemplated the erection of a hotel at Lebanon.  The deceased was a manufacturer of brick, and it was the understanding between him and the plaintiff that he was to furnish the plaintiff with whatever brick were wanted for that purpose at $8 per M.  No definite number was agreed upon, nor was it then determined whether the building would be of brick or of wood, though the expectation was that it would be of brick.  October 14, 1871, the plaintiff paid the deceased $600, and the deceased gave him credit therefor "to be applied on contract for brick."  December 19, 1871, the plaintiff paid the deceased $600 more for the same purpose.  Under this agreement the deceased furnished the plaintiff brick to the amount of $415.60.  In the fall of 1872 the plaintiff suspended work on the hotel, and notified the deceased to stop the delivery of brick; and no more brick were delivered after that.  The plaintiff was declared a bankrupt between November 10 and November 17, 1872.  Neither the deceased nor his administrator was called upon to furnish more brick after that.  At the time of Greeley's death, July 26, 1876, there were on hand, as part of his estate, about 260 M. of brick.  When the money was paid by the plaintiff to the deceased, it was understood by both parties that it was to be applied in payment for brick delivered and to be delivered by the deceased to the plaintiff.  Prior to his death, and after notice to

stop delivery of brick, the deceased paid back to the plaintiff's agent $300, part of the money paid by the plaintiff to him. The plaintiff, at and before such payment, called on and requested the deceased to pay back $600. The deceased suffered no damage in consequence of not delivering more brick. Whether the plaintiff's claim was included in his schedules in bankruptcy, or whether the plaintiff's assignee in bankruptcy had knowledge of this claim or had done anything in relation thereto, did not appear. If on the foregoing facts the plaintiff is entitled to recover, the referee finds due him, February 26, 1877, $501.58.

*Dole*, for the defendant.

The deceased was to furnish the plaintiff whatever brick were wanted for the purpose of erecting a hotel, at $8 per M. The money was paid in advance for brick to be delivered under the contract. Money paid upon an executory contract cannot be recovered back so long as the contract remains in force unrescinded by the party to whom the money has been paid. *Stevens* v. *Lyford*, 7 N. H. 360. The fact that the deceased paid back $300, when by law he was under no obligation to pay back anything, does not make his estate liable to pay the balance now claimed by the plaintiff.

If the plaintiff's views are correct, that under all the facts the money is money in the defendant's possession which does not belong to him, then it is clearly property which under the bankrupt law passed to the plaintiff's assignee in bankruptcy, and the plaintiff cannot recover in his own name until he shows affirmatively that the assignee has understandingly abandoned the claim; because, upon the authority of *Streeter* v. *Sumner*, 31 N. H. 542, the right of action clearly passed to the assignee.

*Barnard & Barnard*, for the plaintiff.

An action for money had and received may be maintained whenever the defendant has money belonging to the plaintiff which in equity and good conscience he ought to refund to him. *Wentworth* v. *Gove*, 45 N. H. 160; *Lockwood* v. *Kelsea*, 41 N. H. 185; *Knapp* v. *Hobbs*, 50 N. H. 476.

The agreement having been executed, so far as there was any, and there being money in the defendant's possession which does not belong to him, the plaintiff ought to recover according to the report of the referee.

CLARK, J. The contract between the plaintiff and the defendant's intestate, G., was, that G. would furnish the plaintiff what brick he might want to use in the erection of a hotel he then contemplated building, at the price of eight dollars per thousand.

There was no other agreement as to the quantity of brick to be delivered. Under this arrangement the plaintiff advanced the sum of $1,200, both parties at that time supposing that the quantity of brick wanted by the plaintiff would amount to more than that sum; but there was no agreement that G. should furnish, or the plaintiff receive, brick to that amount. Subsequently the plaintiff suspended work on the building, and notified G. that no more brick were wanted, and none were delivered afterwards. Brick were furnished under the contract to the amount of $415.60, and afterwards, at the plaintiff's request, G. paid back to the plaintiff's agent $300 of the money advanced to him on the brick contract. This action is to recover the balance of the $1,200, and we see no reason why it may not be maintained either by the plaintiff or his assignee in bankruptcy. The contract on the part of the defendant was, to deliver what brick the plaintiff wanted for the price of eight dollars per thousand; and on the part of the plaintiff, to pay eight dollars per thousand for what brick he wanted to use; and the expectation of the parties that more brick would be wanted than were actually used did not vary or affect the terms of the agreement. There was no breach of the contract by the plaintiff in not wanting more brick, and the referee finds that G. suffered no damage in consequence of no more brick being wanted.

As the right of the plaintiff to prosecute the claim depends upon facts not appearing in the case (*Towle* v. *Rowe*, 58 N. H. 394; *Ramsey* v. *Fellows*, 58 N. H. 607), the question of the effect of the bankruptcy of the plaintiff is remitted to the trial term.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.