## MAGGIE ATWOOD ET AL. *v.* C. L. THOMAS.

BANKRUPTCY.   *Effect on title to land.   Suit by bankrupt.*
   One who has been adjudged a bankrupt cannot afterwards recover a tract of
   land, not exempt property, upon the strength of a title held by him at the
   time of the adjudication of his bankruptcy, as such title must have passed to
   the assignee, unless he has been subsequently re-invested with the title, or
   there be circumstances to raise the presumption of his right to assert the
   same.

APPEAL from the Chancery Court of Hinds County.
Hon. E. G. PEYTON, Chancellor.

C. L. Thomas, being heavily indebted, made an assignment,
in 1860, to J. W. Wilbourne, as trustee, for his creditors.
Amongst the assets passed by the deed of assignment was a
mortgage of one Robinson and wife to Thomas, on certain
lands to secure a debt due Thomas.   Soon thereafter Robin-
son and wife conveyed the land covered by the mortgage to
Wilbourne, who, in 1866, deeded it to Maggie Atwood and
others.   In February, 1868, Thomas was adjudged a bankrupt,
upon his own petition, but he did not include this land in his
schedules of assets, nor claim it as exempt property.   In 1870,
Thomas received his discharge as a bankrupt, but the assignee
has not been discharged and the debts of the bankrupt have
not been paid.   The grantees in Wilbourne's deed held posses-
sion of the land several years, but in 1877, while they were
absent from the State, Thomas took possession thereof.   In
1881, Thomas filed a bill for the purpose of having the legal
title to this land conveyed to him, and the deed to Maggie At-
wood and others cancelled as a cloud upon his title.   The bill
alleged that Wilbourne held the land after the conveyance to
him by Robinson and wife, just as he had held the mortgage,
as a trustee, with the naked legal title ; that in 1867, Thomas,
the complainant, made a settlement with the creditors for
whose benefit the assignment was made, and they gave him an
order on Wilbourne for all the assets in his hands, including
the Robinson mortgage ; that Wilbourne delivered to complain-

ant all the other assets and promised to convey the land to him, but never did so ; and that Wilbourne never paid anything to complainant's creditors as trustee.    The defendants, Maggie Atwood and the other grantees in Wilbourne's deed, answered the bill ; testimony was taken by both sides, and the case was submitted upon pleadings and proof.    The chancellor rendered a decision granting the relief prayed for by the complainant ; and thereupon the defendants appealed.

*Shelton & Crutcher*, for the appellants.

The adjudication in bankruptcy conveyed to the assignee the title to this land, and it can never reinvest in the bankrupt until it be shown that all his debts were paid and this was a surplus. The moment the petition is filed the bankrupt is *civiliter mortuus*.    *Johnson* v. ———, 26 Ark. 44 ; *Barrow* v. *Newberry*, 1 Biss. 149.    All property of the bankrupt, whether held in his own name or in trust for him, passes to the assignee and becomes vested in him for the payment of the bankrupt's debts, by the assignment.    Bump's Bank. (6th ed.) 361–500 ; *Hobson* v. *Markham*, 1 Dill. 421 ; *Boone* v. *Hall*, 7 Bush (Ky.), 66 ; *Edmunsin* v. *Hyde*, 7 Nat. Bk. Reg. 1.

*E. E. Baldwin*, for the appellee.

I insist that the question of bankruptcy can cut no figure in this litigation.    Thomas supposed that his land was exempt, and that it did not have to be embraced in his schedules, and any mistake of this sort could confer no title on the appellants. That is a matter between Thomas and his creditors, who did not see fit to make any move in regard to it.

CAMPBELL, C. J., delivered the opinion of the court.

Whatever right the appellee had with respect to the land was vested by operation of the bankrupt law in his assignee in bankruptcy, and is not shown to have been returned to him. *Deadrick* v. *Armour*, 10 Hump. 588.

This is not like *Conner* v. *Southern Express Co.*, 42 Ga. 37, in which the circumstances raised the presumption of a right in the bankrupt to maintain the suit.    The title passed

out of the appellee, and there is nothing to raise a presumption of his right to assert it.

Decree reversed, and decree here dismissing the bill.