## SUPREME COURT.

### DAVID S. DESSAU agt. DAVID I. JOHNSON, impleaded, &c.

*Bankruptcy — Effect of plaintiff being adjudged a bankrupt after action commenced — In whose name action to be prosecuted.*

Where, after action was commenced, the plaintiff was adjudicated a bankrupt and an assignee of his property and estate was appointed:

*Held,* that the bankrupt had no legal right to maintain the action after the appointment of an assignee; and upon these facts being established the complaint should be dismissed.

The assignee is not absolutely bound to prosecute the action, but if he elects to proceed it must be in his own name and not in that of the bankrupt.

*Special Term, March,* 1883.

*Benedict, Taft & Benedict,* for plaintiff.

*Siegmund Spingarn,* for defendant.

VAN VORST, *J.* — The defendant Gallagher, in his supplemental answer, alleges that the plaintiff was duly adjudicated

Dessau agt. Johnson.

a bankrupt under the laws of the United States by the district court for the southern district of New York, and that such proceedings were had that David V. Arquimbau was appointed and qualified as assignee in bankruptcy of the plaintiff and all his property, and that the plaintiff has no interest in nor any right to maintain this action.

The matter alleged in the supplemental answer was proved on the trial, and upon that ground and others the defendant's counsel asked for a dismissal of the complaint. It is difficult, in season, to escape the force of the defense set up in the supplemental answer. The action is prosecuted and brought to trial in the name of the bankrupt as plaintiff, and yet the proceedings in bankruptcy divested the plaintiff of all the property and rights therein which he possessed at the time of the appointment of the assignee. These passed to the assignee, who was bound to administer the same for the benefit of the bankrupt's estate and his creditors.

It would be an anomalous proceeding which would allow a bankrupt, an assignee of his property and estate having been appointed, to prosecute a suit in his own name and in that way recover moneys which his assignee should receive for the creditors of the bankrupt. This is not a technical but a fundamental objection, and is sustained as well by the letter as the spirit of the Federal laws on the subject.

If the bankrupt can recover in such a case, or if a suit may be prosecuted in his name to judgment, what assurance is there that his creditors will receive one cent of the recovery? Being the plaintiff on the record, he would be entitled to take the control of the moneys recovered, and might apply them to his own, instead of the use of his creditors. It is true that the bankrupt has an interest; but it can scarcely be said to be a legal one. He doubtless has a concern, as every honest man should have, that his debt should be paid, but the application of his means to that end rests with the assignee in bankruptcy. He has the legal power, and he only, to collect and apply the assets.

It is quite evident that the learned counsel for the plaintiff felt the force of these objections, for on his points he urges, that the assignee in bankruptcy determined to carry on this action, which was begun before the proceedings in bankruptcy were instituted, and had obtained leave to file a supplemental complaint. But the assignee has not gone far enough in that direction. He omitted a necessary step. He should have caused himself to be substituted as the plaintiff in the action, and have thus secured the legal control to the proceedings. The assignee might elect to proceed in the action, or he might refrain. If he did not chose to proceed in an action before commenced, in the bankrupt's name, it must come to an end, as the bankrupt has no legal right to maintain the action after the appointment of an assignee.

Section 5047 of the United States Revised Statutes provides that the assignee may have like remedy to recover, in his own name, all the estate, debts and effects, as the debtor might have had, if the decree in bankruptcy had not been rendered. And further, that if, at the time of the commencement of the proceedings in bankruptcy, an action is pending in the name of the debtor, the assignee shall, if he requires it, be admitted to prosecute it in his own name in like manner, and with like effect, as if it had been originally commenced by him.

The fair and reasonable construction to be given to that section is, that the assignee shall not be absolutely bound to prosecute the action, but if he elects to proceed, it must be in his own name, and not in that of the bankrupt. An assignee in bankruptcy should not be allowed to shelter himself behind a mental conclusion, not formally expressed, to prosecute an action in the name of the debtor. He should himself assume all the ordinary risks, expenses and burdens of the litigation, to which a party to the record is subject.

It is stated in *Bump's Law and Practice of Bankruptcy* (*p.* 144), that when a right of action passes to the assignee in bankruptcy, he must prosecute the suit in his own name, and

Dessau agt. Johnson.

not in the name of the bankrupt who is "*civilitu mortuus.*" The only exception to this rule, so far as I know, is that which allows a bankrupt to continue the prosecution of an action in his own name for the recovery of an article which is set apart to him as exempt, and which does not pass to the assignee. (*Scott* agt. *Wilkie*, 65 N. C., 376.)

It is suggested however that the Code of Procedure allows the action to proceed in the name of the bankrupt. I am referred to no section or provision of the Code which favors such contention. The provisions of the bankrupt law must however control in this respect, and its provisions must be adhered to. The rule in equity is that if the assignor sues in his own name, "he is turned out of court." The real party in interest must be the plaintiff. For the above reasons alone, the plaintiff's complaint should be dismissed. But the same result follows from a construction of the entire merits. The evidence leads to the conclusion that the sale by Johnson to Dessau was not a real or honest transaction. Johnson was in debt, and one or more suits were pending against him, and hastening to judgment. The plaintiff's statement as to the consideration paid, and the sources from which the money came, are contradictory, inconsistent and quite unsatisfactory; and I am persuaded that the property seized by the judgment creditor was liable to be taken as that of the judgment debtor. The transaction between the plaintiff and the judgment debtor was not initiated or consummated in good faith, but was resorted to for the purpose of hindering and delaying the creditors or the judgment debtor.

The result is that the complaint of the plaintiff must be dismissed on the merits, with costs.