HORACE P. SCRUBY, Appellant, v. HENRY S. NOR-
MAN, Respondent.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Appellate Practice**: EVIDENCE DEHORS RECORD: BANK-
RUPTCY. An appellate court may *ex necessitate rei* be compelled
to receive evidence *dehors* the record such as to show one of the
parties has become bankrupt since the taking of the appeal, and to
act thereon.

2. ————: BANKRUPTCY: DISCHARGE: DISMISSAL OF AP-
PEAL. Where after his appeal an appellant becomes a bankrupt
and he and his trustee are discharged by the bankrupt court,
the appellate court may on proper motion investigate the facts and
dismiss the appeal, though the debt in controversy was not scheduled
nor even came to the knowledge of the trustee, since the adjudication
of bankruptcy divested the bankrupt of his property rights and his
discharge can not revest them.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broad-
dus,* Judge.

APPEAL DISMISSED.

*J. M. Davis & Sons* and *Sheetz & Loomis* for respondents.

(1) By the Bankruptcy Act of 1898, section 70, it is
provided that the title to all of the bankrupt's estate, both
real, personal and mixed, of every kind and nature, shall vest
in the trustee of the bankrupt, by operation of law, except
the property exempt by the statutes of the State. Section 70
of the Bankruptcy Laws of 1898. (2) Under the Bank-
ruptcy Law of 1867, the person who is, under the present
bankruptcy laws, known as the trustee was known as the
assignee in bankruptcy. Under section 5044, Revised Stat-

utes of United States 1875 (Laws of 1867), it was provided, in language almost identical with section 70 (U. S. Bankruptcy Laws 1898), that the title of all of the property of the bankrupt should, by operation of law, vest in the assignee, who under the law performed the same duties as the trustee (under the present law). (3) Under the Bankruptcy Law of 1898 it is further provided that if no property or money come to the hands of the trustee, he is not required to call a second meeting of the creditors, but is to report the facts therein detailed, and the bankrupt is then discharged, and the proceedings are wound up. (4) Under the bankruptcy law no right, title or claim in or to this case, or appellants' right of action herein, is left in the bankrupt, the appellant. He has no right to prosecute this suit, and has no title or claim under or by virtue of having been plaintiff to this case. All rights thereto of plaintiff vested in the trustee, who never having been substituted, and having been discharged, and the bankrupt case wound up, has now no title in this case. Malone v. Martin, 2 S. W. 909; s. c., Ky. Law Rep. 692. (5) This case should be stricken from the docket because of failure to prosecute and because there is now no person or officer who can under the law, prosecute this case, as the property and interest in the proceedings has gone from the bankrupt never to return. The trustee, being now without any power or authority, the estate having been wound up and the trustee discharged, has now no right to prosecute the case. Malone v. Martin, supra.

*Lewis A. Chapman* for appellant.

SMITH, P. J.—This suit was brought by plaintiff against defendant on a promissory note executed by the latter to the former for $1,330. On October 2, 1899, there was a trial which resulted in judgment for the defendant. On the twentieth day of January, 1900, an appeal was taken by the

defendant from that judgment to this court. After the cause was removed here by the appeal, the defendant filed a motion to dismiss and abate the action, etc., alleging as grounds therefor, the following facts:

"(1) That on the sixteenth day of June, 1900, the plaintiff herein was, on his own petition, by the district court of the United States for the western division of the western district of Missouri, duly adjudged a bankrupt, according to the act of Congress; that is to say, the Bankrupt Act of 1898; (2) that afterwards, on June 6, 1900, a trustee of the creditors of the plaintiff herein was elected, qualified and took charge of the estate of the plaintiff—the bankrupt—in accordance with said bankrupt act; (3) that on the twenty-seventh day of December, 1900, said trustee made his final report to said district court wherein it appeared that he neither received nor paid out any money on account of said estate; (4) that on the twenty-eighth day of December, 1900, said report was approved by said district court and an order duly entered of record discharging said trustee and the said bankrupt as well; (5) that the debt sued for accrued prior to June 16, 1900, the date when the plaintiff's petition in bankruptcy was filed in said district court, and, therefore, it became and was a part of the assets of the estate of the bankrupt plaintiff, and that all the right, title and interest of the bankrupt therein under said bankruptcy proceeding passed to the said trustee, so that the plaintiff had no right, title and interest in said debt and no legal right or capacity to sue for or recover the same nor to prosecute this appeal."

The defendant filed with his said motion a duly authenticated copy of the record and proceedings of the district court of the United States, in said proceeding in bankruptcy, from which it appears, in addition to the facts just stated, that the plaintiff did not in any inventory or schedule of his property and effects, mention or enumerate said debt sued on in the present action.

I.   The first question which suggests itself is, whether or not the granting of the defendant's motion involves the exercise by us of original, instead of appellate, jurisdiction? Courts of review are often compelled *ex necessitate rei* to receive evidence *dehors* the record affecting their proceedings in cases before them on error or appeal. "A death of one of the parties after a writ of error or appeal, requires a new proceeding to supply his place. The transfer of the interest of one of the parties by assignment or by a judicial proceeding in another court, as in bankruptcy or otherwise, is brought to the attention of such courts by evidence outside of the original record and acted on." Dakota Co. v. Gliddin, 113 U. S. 222; Hutton, Adm'r, v. Hutton, rendered by us at present term. Accordingly, we conclude that in the exercise of our appellate jurisdiction we may, for the purpose of passing upon the defendant's motion, take into consideration the record of the district court of the United States in the bankruptcy case, referred to in the said motion.

II.   The allegations of fact contained in the motion, as hereinbefore stated, seem to be fully sustained by the record of the proceeding in bankruptcy. When the plaintiff was adjudged to be a bankrupt he became *civiliter mortuus* as to his property and the title thereto, except as to that exempted by statute, which passed by operation of law to the trustee of his estate thereafter appointed. It became the duty of the trustee, under the bankruptcy law, to collect and reduce to money, the property of the bankrupt estate. It was the further duty of the trustee, under the direction of the bankruptcy court, to prosecute the present appeal. But it does not appear that the trustee was apprised of the existence of the debt here claimed, by anything appearing in the inventory or schedule of the bankrupt's assets. It seems from the record that this debt was concealed or at least nowhere disclosed in the bankruptcy proceedings. The appeal was taken before the date of the adjudication, but it appears to have remained dormant

.until after the final discharge of both the trustee and the bankrupt, when its active prosecution was renewed by the plaintiff.

It is made manifest by the record of the proceeding of the Federal court in the bankruptcy case, that the interest of the plaintiff in the debt sued for in the present action, was, by operative law, transferred to the trustee of his estate. Bankrupt Laws of 1898, sec. 70; R. S. U. S. 1875, sec. 5044. The interest of the plaintiff in the said debt having been divested by the bankrupt proceedings, his right to prosecute this action for the recovery thereof, was at an end. Unless that interest has been revested he can have no *locus standi* in the present appeal.

Will the fact that the said debt is not enumerated or referred to anywhere in the proceeding in bankruptcy as a part of the assets of the bankrupt's estate, or that the trustee took no steps to reduce it to possession, nor to have himself substituted as plaintiff in this suit, have the effect, after his discharge, and that of the plaintiff as a bankrupt, to revest in the latter, the interest that was divested by the bankrupt proceedings? That such would be the effect is inconceivable. The record in the bankruptcy proceedings show that the plaintiff, at the time of the adjudication was largely indebted. It further shows that no assets of his estate were scheduled or came into the hands of the trustee, so that his creditors were paid nothing on their claims. And can it be that his right to sue for the recovery of the debt, which existed at the time of the adjudication but of the ownership of which he was deprived by that adjudication, may be restored by the discharge of the trustee and the bankrupt? Can it be that in a case where a bankrupt has not enumerated in his schedule or surrendered a chose in action due to him at the time of the filing of his petition in bankruptcy, or when by fraud and perjury he is enabled to withhold such chose from the administration of his estate by the trustee, that his title and interest in such chose survives in him and the bankruptcy proceeding and can

be asserted by him in a judicated proceeding after his discharge in bankruptcy; or, if such title and interest does not survive the adjudication, is it *ipso facto* revived by the discharge? To answer these queries in the affirmative would be to invite the commission of the gravest fraud and perjury, which it is safe to assume was never intended by the bankrupt law. The debt sued for, under the bankrupt law, passed to the trustee, whose duty it was to collect it and pay it over to the creditor of the bankrupt. It is difficult to see what claim the plaintiff would have to it even after his discharge, and especially so, since it was not scheduled by him, and his creditors whose debts have been discharged have not received one farthing from his estate.

It may be that if his estate had been more than sufficient to pay his debts and the debt in question had been left after his discharge, that under the law or perhaps an order of the court, the title might be restored to him; but no such case is before us. The plaintiff is suing on a chose, the title to which was divested by the adjudication and which has never been in any way restored. These views are, as we think, in accord with reason and the great weight of authority. Malone v. Martin, 2 S. W. 909; Pickens v. Dent, 106 Fed. Rep. 653; Vanslyke v. Shryer, 98 Ind. 126; Boyd v. Olms, 82 Ind. 294; Berry v. Gillis, 17 N. H. 9; Seaton v. Hinneman, 50 Iowa 395; Dessan v. Johnson, 66 How. Prac. 6; Atwood v. Thomas, 60 Miss. 162; Peters v. Wallace, 4 S. W. 914; Foraast v. Hyman, 28 N. E. 801.

*Contra, vide:* Frazier v. Desha's Adms., 40 S. W. 678.

It results from the foregoing considerations that the motion of the defendant must be sustained. All concur.