DURGIN *v.* KENNETT.

67   329
74   28

A landowner who so maintains a partition ·fence which he is bound to maintain that it is sufficient to prevent domestic animals from passing over or through it, but negligently fails to keep it in suitable and reasonably safe condition so as not to be likely to injure the adjoining landowner's domestic animals while on their owner's land, is not liable under the statute (G. L., *c.* 142) for such an injury caused by the unsafe condition of the fence, but is so liable at common law.

CASE, for injuries to the plaintiff's colt. Tried by the court. The parties owned adjoining pastures, between which the fence had been divided by the fence-viewers. The defendant, three or four years before the injury, built on his part a barbed-wire fence. The colt was found in the plaintiff's pasture. Upon all the evidence the court found that through a want of reasonable care the defendant neglected to keep the fence in suitable repair, and that in consequence of its unsafe condition the colt became entangled in it and was lacerated by the barbs.

*John B. Nash,* for the plaintiff.

*Josiah H. Hobbs,* for the defendant.

CARPENTER, J. The statute of fences makes it the duty of owners of adjoining lands under improvement to build and repair the partition fence between them in equal shares, provides for a division of the fence by agreement or by the fence-viewers, and declares that the party neglecting to build or keep in repair a partition fence which he is bound to maintain shall be liable for damages arising from his neglect, and without remedy for damages happening to himself therefrom. Gen. Laws, *c.* 142, *ss.* 1–5 and 13. Fences are required by the statute for the purpose of preventing the escape of domestic animals from the land of one owner into that of an adjoining owner. Although the statute (*c.* 142, *s.* 5) specifically prescribes what shall be accounted a legal and sufficient fence, yet any fence that answers that purpose is within the meaning of the statute sufficient. One who builds and maintains a fence that prevents domestic animals from passing over or through it has done all that the statute requires. By the statute he is only made remediless for such injuries to himself and liable for such injuries to his neighbor as may result from the escape of animals through his insufficient fence. The injury may be to the land, to the animals, or to other property. *Cate* v. *Cate,* 50 N. H. 144.

The colt did not escape from the plaintiff's pasture. To prevent its escape the defendant's fence was sufficient. It fully answered

the statutory requirement. But the defendant's statutory duty was not his only obligation. He was bound by the common law to maintain the fence required by the statutes in a condition reasonably safe and unlikely to injure his neighbor's animals while they were on his neighbor's land. *Firth* v. *Bowling Iron Co.*, 3 C. P. D. 254. He could not, for example, lawfully maintain a fence of such a character that an animal attempting to jump it, or casually rubbing against it, would be killed by a spring gun. This duty rests on the broad principle of the common law, that every person in the conduct of his lawful business is bound to exercise ordinary care to prevent injury to others. The statute requires the defendant to maintain a fence sufficient to prevent the escape of animals. The common law requires him to maintain it in a condition reasonably safe—not unreasonably dangerous—to his neighbors, or to others who may rightfully approach it or come in contact with it. If he negligently fails to do so he is responsible for the natural and probable consequences.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.