## NELLIE E. GLOVER, Respondent, v. CHARLES GLOVER, Appellant.

### Kansas City Court of Appeals, May 22, 1916.

1. **APPELLATE PROCEDURE: Divorce: Matter Dehors the Record: Motion ex Necessitate Rei.** Matters *dehors* the record will not be considered under a motion *ex necessitate rei* when there is nothing "from the necessity of the thing" compelling the appellate court to pay attention to such matters in order to ascertain its own right and power to adjudicate the matters presented to it.

2. ———: ———: ———: ———: **Remarriage of Successful Party after Appeal.** A wife obtained a decree of divorce. If, after her husband had appealed and before the appeal was determined, she married again, she violated no law in so doing, nor did she destroy the validity of the judgment rendered upon her cause of action at the date of the decree. She ran the risk of being placed in a very awkward situation if her divorce were set aside. But when it is affirmed, the affirmance relates back to the date of the judgment.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Scott J. Miller* for appellant.

*A. G. Knight* and *J. M. Davis & Son* for respondent.

TRIMBLE, J.—A wife sued for divorce charging indignities and habitual drunkenness for the space of more than a year. The suit was brought in Grundy county. Defendant, who lived in Livingston county, appeared and filed application for a change of venue and the change was awarded to Livingston county. Thereupon, in the Livingston circuit court, defendant filed a motion to dismiss on the ground that the plaintiff was not a resident of Grundy county at the time she filed her suit therein and, therefore, the Grundy court had no jurisdiction to entertain the suit and no authority to award a change of venue to Livingston county. The motion to dismiss was overruled. Defendant then filed an answer, which contained a plea to the jurisdiction on the ground aforesaid, and also, a general denial of the allegations of plaintiff's petition.

After a trial the court found in favor of plaintiff, decreeing her a divorce and awarding her the care and custody of the infant son, Harold, and giving plaintiff a judgment for $1500 alimony in gross. Defendant has appealed.

Plaintiff and defendant were married in Grundy county, Missouri, January 12, 1903. Thereafter, at three different times, plaintiff, on account of defendant's drunkenness and abuse, left him and brought suit for divorce, but each time upon the faith of defendant's promises to do better she dismissed her suit

and went back and endeavored to live with him. In a short time, however, matters got as bad as ever. The final separation took place in December, 1914.

There is no need to recount the evidence of the husband' drunkenness and the abuse and indignities heaped upon his wife. Suffice it to say that the evidence amply justified the trial court in granting the divorce. It was shown that the plaintiff was industrious and did much work on the farm, but that her husband was away much of the time; that he drank a great deal; that he whipped his wife, and called her vile names; and that frequently she took refuge with the neighbors with the marks of her husband's violence upon her. Upon the whole record the decree was entirely proper.

As to the point that the Grundy circuit court has no jurisdiction, the evidence shows that when plaintiff left her husband the last time, she had no money and went to work wherever she could find employment; that since the last separation she has been making her home with her father in Grundy county and at the time of the trial, April, 1915, was employed in nursing him. There was no evidence showing her residence to be elsewhere than in Grundy county, so that the point is without merit.

The case was appealed April 26, 1915, and appeared on the docket of this court at the December call of·the October term, 1915, being set for December 7, 1915. No abstract and briefs were filed or served and a motion was filed on that day to dismiss the appeal for failure to file and serve same. This motion was not acted upon, but the case was continued to the March term, 1916, being set for March 13, 1916. On March 7, 1916, defendant filed with his abstract and brief a motion ex nesessitate rei to reverse or reverse and remand the judgment. The basis of said motion is the claim upon the part of the defendant

that after the motion for new trial was overruled and an appeal had been allowed to this court, the plaintiff married one John McHargue in the city of Chicago. The proof in support of plaintiff's alleged marriage was not made a part of the record but is attempted to be supplied by a purported copy of a marriage license issued to John McHargue and Nellie Glover, together with a certificate of a county judge of Cook county, Illinois, that he married said named persons in Chicago. Also two affidavits of persons residing in Oregon, one of them as to the marriage of plaintiff and the other as to certain named persons living out there, but whether they include the plaintiff herein does not appear. The purported marriage certificate filed with defendant's motion and submitted along with the entire case was not certified in accordance with the Act of Congress.

But, after the case had been argued and submitted, and after the insufficiency of the marriage certificate's certification had been pointed out and objection thereto made by respondent, appellant procured a copy, duly certified according to the Act of Congress, and sent it by mail to this court. It has not yet been formally filed by the clerk. Unquestionably, if this were an ordinary suit instead of a divorce case, the correction of the defect would be too late. We need not decide the question whether the rule should be any different in a divorce case; but content ourselves with saying that, without regard to the question of the certification of the marriage certificate, we are of the opinion that we are not compelled to take cognizance of the matters *dehors* the record which appellant seeks to bring to our notice. It is not necessary for us to do so in order to pass upon the validity of the decree of divorce. The alleged act of the plaintiff in remarrying after the decree was rendered in the circuit court does not relate back to the judgment and

destroy its validity. Nor does such alleged remarriage interfere in any way with our right to proceed in the hearing of defendant's appeal. There is, therefore, nothing *ex necessitate rei,* or from the necessity of the thing, compelling us to pay attention or to take cognizance of matters *dehors* the record. For this reason the case is not like that of Scruby v. Norman, 91 Mo. App. 517, nor of Dakota County v. Glidden, 113 U. S. 222. In the first of said cases a plaintiff sued upon a note. After a judgment for defendant he appealed. It was then discovered that he had been adjudged a bankrupt and the note sued on was a part of the assets of the estate which passed to the trustee in bankruptcy so that the plaintiff had no cause of action in him or capacity to enforce any claim in his favor. In other words, the motion presented matters directly affecting the appellate court's right to consider his appeal, and so the motion *ex necessitate rei* was sustained. In the second case cited, after the appeal, the parties made a valid and binding compromise which left nothing to be decided by the court, hence the motion was sustained. But that is not the situation here. We still have before us the question of the validity of the judgment rendered by the trial court upon the cause of action existing in plaintiff at the time of the decree, and can affirm or reverse that decree according to whether it is correct or erroneous. If it is affirmed, the affirmance relates back to the date of the judgment.

The alimony in gross awarded is not excessive. The evidence shows that plaintiff brought $500 into the marriage compact and since has worked and helped earn the money the husband has now. The evidence shows that he does not owe as much as he claims he does. In addition to personal property and land in Missouri, he owns an interest in his father's estate and also has property in Texas. Allowing a liberal

estimate for all he owes, defendant is at least worth $6000 or $7000 net and possibly more. So that the amount of alimnoy allowed is reasonable. There is a statement in defendant's brief to the effect that the boy is now with the father. Of course, if this be true, the small allowance per month for the boy's support can be modified or changed upon application to the circuit court and showing the change in that regard since the decree.

The judgment is affirmed. All concur.