## No. 8776.

### FOWLER v. FOWLER.

1. EVIDENCE—*Weapon of an Alleged Assault.* Husband's bill for divorce, alleging that the wife maliciously discharged a pistol at him, penetrating his clothing. The wife admitted the discharge of the weapon, claiming it was accidental, and did not strike the husband's clothes. To permit the exhibition of the pistol, and the husband's coat, said to have been penetrated by the discharge, and to permit the jury to carry them to the jury room, *held* not an abuse of discretion.

2. TRIAL—*Exhibits—May be Sent to the Jury Room.* The general rule is that the jury may take out with them writings and other tangible objects which have been admitted in evidence.

3. APPEAL AND ERROR—*Bill of Exceptions.* Errors assigned upon the giving and refusing of instructions will not be considered where no exception thereto was reserved below.

Nor will the refusal of instructions, unless all those given are brought up.

4. DIVORCE—*Second Marriage of Successful Party,* while the decree of divorce is in full force, no supersedeas thereto having been allowed, and no suspension by the trial court, is no bar to affirmation of the decree of divorce.

*Error to Denver District Court, Hon. W. D. Wright, Judge.*

Mr. O. N. HILTON, Mr. CAESAR ROBERTS, Mr. LESLIE M. ROBERTS and Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. JAMES GRAFTON ROGERS and Mr. MORRISON SHAFROTH, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

THIS was suit for divorce wherein a decree was entered for the plaintiff. Defendant brings the judgment here for

review on error.  In this opinion the parties will be designated in the court below.

Two of the errors assigned relate to the admission in evidence of a coat belonging to the plaintiff, and a revolver with which the defendant is alleged to have fired at the plaintiff, the bullet from which penetrated the coat.  And further it is claimed that these exhibits were taken to the jury room by the jury, which circumstance is assigned as emphasizing the error.  The fact that the revolver was discharged by the defendant is not disputed, and for this reason the admission of the weapon, and of the coat said to have been penetrated by the bullet, is urged as highly prejudicial to the defendant in that they tended to enflame the passions of the jury and otherwise prejudice them against the defendant, who alleges that the weapon was discharged accidentally, and that the bullet did not strike the coat.

As to the admission of these articles the rule as laid down in 10 R. C. L. 991 is:

"It is proper that the object to which testimony relates should be brought into court and exhibited, when this can be done.  This is more satisfactory than a description of it by witnesses that have inspected it outside of court."

It was alleged in the complaint that the defendant maliciously and intentionally fired at him, with an intent to injure him, and that the bullet passed through his coat on the right side, going completely through his clothing.  Defendant claims that the shot was accidental, and that the pistol was one of the automatic type, with which she was unfamiliar.  Upon these allegations it was material to show any detail which might assist in determining whether the shooting was accidental or deliberate, and particularly the type of the weapon used.  In discussing this objection as applied to civil cases, Wigmore on Evidence, at section 1158, page 1352 ff, says:

"But it seems too rigorous to forbid a party to prove his case by the clearest evidence; and a jury which through violent prejudice would not be restrained by the court's instructions would probably give way to this prejudice even without this evidence.  The courts impose no prohibition,

except so far as the discretion of the trial court may prevent abuses."

Under the circumstances shown the admission of these exhibits in evidence was not only not an abuse of discretion, but on the contrary, we think they were very properly admitted.

Whether the coat was taken by the jury when they retired is a disputed question. The revolver was asked for by the jury during their deliberations, and was brought to them by the bailiff. These also were matters entirely within the discretion of the court, and in the absence of manifest abuse such discretion will not be interfered with on review. The rule is stated in the Encyclopedia of Evidence, volume 5, page 461, as follows:

"The general rule now is that the jury may take out with them such exhibits, and only such, whether they are sealed or unsealed writings or other tangible objects, as have been properly put in evidence on the trial."

The other errors argued are to the giving of, and to the refusal to give, certain instructions. None of these assignments are properly for consideration, for the reason that the record fails to show any objection or exception to the instructions given, when given, or any attempt to have the trial court correct the alleged errors at the time. This is true both as to instructions given and instructions refused. All of the instructions given are not contained in the record. This circumstance is an additional reason why we may not properly consider the assignments of error predicated upon the refusal to give instructions.

It appears from a supplemental brief filed by defendant that plaintiff has remarried, and this fact is relied upon as one which must of necessity prevent the affirmance of the divorce decree. In support of this proposition three cases are cited: *Branch v. Branch,* 30 Colo. 499, 71 Pac. 632; *Rosenfeld v. Stix,* 67 Mo. App. 582; *Eaton v. Eaton,* 66 Neb. 676, 792 N. W. 995, 60 L. R. A. 605, 1 Ann. Cas. 199. All of these cases, however, are distinguished from the one at bar in that their adjudication was pending upon appeal, which suspended the judgment. The Nebraska case also in-

volved a statute expressly prohibiting remarriage pending an appeal from a decree of divorce. This case is before us on writ of error; no supersedeas was issued as a preliminary proceeding, there was no suspension of the decree of divorce granted in the lower court. It is now, and has at all times since its entry, in full force and effect. The defendant having failed to avail herself of a supersedeas the plaintiff was clearly at liberty to remarry, after waiting, as it appears he did wait, until the expiration of the time limit prescribed by our statute.

No error appearing, the judgment of the trial court is affirmed.

Judgment affirmed.

Decision *en banc.*