Maude S. ODLE, Appellant,

v.

F. Furman ODLE et al., Appellees.

No. 3212.

Court of Civil Appeals of Texas.

Waco.

Oct. 14, 1954.

Rehearing Denied Nov. 18, 1954.

Fitzpatrick & Dunnam and W. V. Dunnam, Jr., Waco, for appellant.

Richey, Sheehy & Teeling, Waco, H. J. Cureton, Jr., Meridian, for appellees.

McDONALD, Chief Justice.

In this case Maude Odle, plaintiff, sued the administrator and beneficiaries of her deceased husband's estate to recover certain moneys of her separate funds which she alleges she loaned to her husband. She alleged that she and her husband were married in 1912 and lived together as hus-

band and wife until his death February 28, 1952; that in 1913 she loaned her husband $1,000; that in 1914 she loaned him $2,230; that in 1922 she loaned him $3,336.50; that in 1919 she loaned him $4,211.50; that all said sums were from her separate funds and estate; that all said funds were used by her husband and invested and re-invested by him in carrying on and conducting his business and in accumulation of the estate existing at the time of his death; that same were never returned or repaid to the plaintiff and that the estate of deceased was indebted to her for same. She further alleged that her deceased husband took and thereafter held her funds as trustee and that his estate is bound in equity to account to her for same. Plaintiff prayed for judgment against her deceased husband's estate for the amounts loaned him, and in the alternative, for judgment for an equitable accounting and reimbursement of her separate funds used by him in the partial acquisition of the estate which he left at the time of his death.

Trial was to a jury, which, in answer to Special Issues, found: 1) Plaintiff did not lend her husband the $1,000; 2) nor the $2,230; 3) nor the $3,336.50; 4) nor the $4,211.50; 5) that the moneys advanced by plaintiff to her husband, if any, were advanced by her as an investment in the business in which her husband was engaged; 7) that a settlement agreement dated 7 July 1952 between plaintiff and defendant Furman Odle was intended by all parties as a full and final settlement of all claims, debts and demands that plaintiff might have against Furman Odle, including the amounts in issue in this case; 9) that plaintiff had been repaid by her deceased husband during his lifetime any sums of money loaned or advanced for investment to him by her during his lifetime.

On the foregoing verdict the Trial Court rendered judgment that plaintiff take nothing, whereupon she appeals to this court on 14 Points, but which present 4 basic contentions, to wit: 1) That there was either no evidence or insufficient evidence to support the jury's findings to Issues 5, 7 and 9 supra; 2) that the court erred in admitting

evidence that deceased had stated that his business was free of indebtedness, and that he had paid his wife back her money (cogent to Issue 9); 3) that the Trial Court erred in the manner in which it submitted Special Issues 2, 3 and 4, and that the Trial Court should have merely made inquiry as to whether or not plaintiff advanced to her husband certain moneys, rather than whether or not she had loaned him certain moneys; 4) that the statement of defendant's counsel to the jury to the effect that 7 other attorneys had refused to file plaintiff's claim was sufficiently prejudicial to require a reversal.

As we view the record in this case, the controlling question for determination is whether or not the Trial Court correctly submitted plaintiff's case, as plead and proved by her, and if so, whether or not the evidence sustains the findings of the jury.

What plaintiff plead for is set out hereinabove. The record in this case reflects that plaintiff had filed suit for divorce against the deceased on 13 February 1952; that on 15 February 1952 deceased made a will leaving his community interest in his and plaintiff's estate to defendants herein, and that he died on 28 February 1952. The proof from plaintiff's standpoint may be briefly summarized as follows: There is no evidence in the record that plaintiff loaned her husband the $1,000 in 1913. Plaintiff identified a check for $2,230, dated in 1914, signed by her mother and payable to herself and endorsed by herself and her husband. There is no testimony that her husband received the money, or if he did, that he received it as a loan. Plaintiff identified a check for $3,336.50, dated in 1922, signed by her mother and payable to herself. This check was endorsed by plaintiff and her husband. There is no evidence that deceased borrowed the amount represented by this check. As to the item of $4,211.50, plaintiff introduced a check in this amount, signed by her husband and payable to G. L. Tidwell. This check bears the notation: "For interest in store". There was no evidence whatsoever that plaintiff loaned this sum of money to her husband. There were

several witnesses, practically all of whom were relatives of the plaintiff, who testified as to general admissions purportedly made by the deceased in his lifetime to the effect that he had used his wife's money in his business.

The evidence further reflected that plaintiff's divorce petition which she signed and swore to shortly before the death of her husband stated that none of their property was separate property but that all property held by herself or her husband was community property. Plaintiff further testified that she was administratrix of her husband's estate for a short while and that as such she filed an inventory and appraisement of said estate. This inventory was sworn to but does not list any loans claimed to have been made by plaintiff to her deceased husband as claims against the community estate.

■■■ It is our view that the Trial Court submitted plaintiff's case as plead by her, and that the answers to such issues are not only sustained by the evidence, but that they are the only answers that the state of the record admits to.

■ Plaintiff earnestly contends that the Trial Court erred in its submission of plaintiff's issues to the jury, and that the Trial Court should have merely submitted to the jury issues inquiring whether the plaintiff advanced to her husband certain moneys out of her separate funds and estate; and that it is the law that where a wife voluntarily delivers her money to the husband the law will presume that he takes it as a trustee and that his estate will be impressed with a trust in her favor for such funds advanced, even though the funds were intermingled with community funds, invested and re-invested in a stock of merchandise in a mercantile store over a period of some 40 years. Such is not the law in Texas. The law in Texas is to the effect that where separate and community property are so intermixed that the separate property loses its identity and cannot accurately be traced, the co-mingled fund,

and property acquired therewith, becomes community property. Stated in another way, where a husband or wife permits his or her separate property to become so co-mingled with community property that it cannot be identified, the separate property co-mingled becomes community property. See Tex.Jur., 10 Yr.Supp. Vol. 5, Sec. 67a, p. 595; Hudspeth v. Hudspeth, Tex.Civ. App., 198 S.W.2d 768; Coggin v. Coggin, Tex.Civ.App., 204 S.W.2d 47; Gorman v. Gorman, Tex.Civ.App., 180 S.W.2d 470; Moore v. Moore, Tex.Civ.App., 192 S.W. 2d 929; Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494; McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296; Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W. 2d 1002.

■■ From the above authorities it is the rule in Texas that if a wife turns over her separate funds to her husband and permits them to be co-mingled with the community, that such funds lose their identity as separate property and become community property. So even were we to adopt plaintiff's contention that the Court should have submitted this case on the theory of advancement rather than on the theory of loan, and had the jury found in answer thereto that she did advance her separate moneys to her deceased husband, we would have to hold that as a matter of law, under the record in this case, her separate funds and moneys became co-mingled with the community estate and lost their identity as separate funds and became a part of the community estate.

Having determined that the plaintiff's case was properly submitted by the Trial Court, and that the evidence sustains the findings of the jury in response thereto, the findings of the jury to Special Issues 5, 7 and 9 become immaterial. Nevertheless we have carefully reviewed the record before us and conclude that these findings are in fact sufficiently supported by the evidence.

■ With reference to plaintiff's 4th basic contention, which complains of the

statement of defendants' counsel to the effect that 7 other lawyers refused to file plaintiff's claim—we believe same was justified by the facts in evidence in this case. In any event, upon objection the Court instructed the jury not to consider this argument, which renders harmless the argument complained of.

We have carefully reviewed all of plaintiff's points and believe that none present reversible error. The judgment of the Trial Court is accordingly affirmed.