**Sam Y. DORFMAN, Jr., Appellant,**

v.

**Judy DORFMAN, Appellee.**

No. 4903.

Court of Civil Appeals of Texas, Waco.

June 25, 1970.

Rehearing Denied July 30, 1970.

Daughtery, Bruner, Lastelick & Anderson, Strasburger, Price, Kelton, Martin & Unis, Royal Brin, Jr., Kliewer & Hood, Dallas, for appellant.

Carter, Gallagher, Jones & Magee, Morton Rudberg, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Sam Y. Dorfman, Jr. from judgment awarding plaintiff Judy Dorfman a divorce, and dividing the marital estate. Defendant asserts "the main complaint is of the provisions of the trial court's judgment with respect to property."

Plaintiff Judy Dorfman instituted this divorce action. Defendant filed cross-action for divorce. Trial was to the court without a jury, which after hearing, granted plaintiff divorce, adjudicated the property, awarded plaintiff custody of the parties' two minor children, and fixed child support to be paid by defendant.

Defendant appeals on 5 points contending:

1) The trial court erred in holding that all assets acquired by purchase during marriage, with a very limited amount of exceptions, were community property rather than the separate property of defendant.

2) The trial court erred in divesting defendant of title to his separate realty.

3) The trial court improperly exercised its discretion in its disposition of property by basing such disposition on the holding that substantially all assets were community property where in fact they were the separate property of defendant.

4) Remarriage by plaintiff pending this appeal defeats plaintiff's right to contest the appeal and requires reversal.

The trial court by its judgment: 1) awarded plaintiff the home, furs, jewelry, a savings and checking account, an insurance policy, automobile, and $110,000; 2) awarded defendant all property real, personal and mixed, owned by defendant on or before June 29, 1958; acquired through liquidation of Louisiana Iron and Supply Company; acquired by defendant under the will of his deceased father, or by gift before or during marriage, (shares of stock in a great number of corporations, 30 insurance policies, bank accounts, notes, jewelry, personal effects, paintings, cars and club memberships); 3) awarded plaintiff and defendant a ½ interest each in some 32 oil, gas and mineral leases, 5 tracts of real estate, 5 Bank accounts, and 85 corporate securities.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

### Findings of Fact

I. Defendant has been guilty of such cruel treatment toward plaintiff as renders their living together insupportable.

II. It cannot be determined what assets acquired by purchase during marriage and on hand at time of trial were paid for by defendant's separate funds (except certain stocks and a bank account which were awarded to defendant).

III. It cannot be determined the amount of defendant's separate funds, if any, which were used to purchase any asset during marriage and on hand at time of trial, except the funds spent on assets listed in Finding II.

IV. It cannot be determined what assets acquired by purchase during marriage and on hand at time of trial have been enhanced in value by expenditure, if any, of defendant's separate funds.

V. It cannot be determined the amount of enhancement in value, if any, of any assets acquired by purchase during marriage and on hand at time of trial, as a result of the expenditure, if any, of defendant's separate funds.

VI. It cannot be determined which loans that may have been incurred to purchase assets during marriage, on hand at time of trial, were amortized or paid by defendant's separate funds.

VII. It cannot be determined the amount of defendant's separate funds, if any, which were used to amortize or pay loans to purchase assets, if any, during marriage on hand at time of trial.

VIII. It cannot be determined what portion, if any, of the balance of the oil account at Mercantile National Bank is defendant's separate property.

IX. It cannot be determined what life insurance premiums, if any, paid during marriage were paid with defendant's separate funds.

X. The value of properties acquired by purchase during marriage awarded defendant (except items listed in II) is equal to or in excess of the value of properties acquired by purchase during marriage awarded plaintiff.

XI. $30,000 is a reasonable fee for plaintiff's attorneys.

XII. Defendant's profit for 1959 was $88,772.06, and his drawings were $28,213.73.

XIII. Defendant's profit for 1960 was $115,878.59, and his drawings were $26,857.12.

XIV. Defendant's profit for 1961 was $117,562.10, and his drawings were $24,277.62.

XV. Defendant's profit for 1962 was $34,629.86, and his drawings were $34,243.51.

XVI. Defendant's profit for 1963 was $189,536.92, and his drawings were $41,367.05.

XVII. Defendant's profit for 1964 was $162,123.63, and his drawings were $23,265.22.

XVIII. Defendant's profit for 1965 was $211,995.02, and his drawings were $39,282,30.

XIX. Defendant's profit for 1966 was $88,211.70, and his drawings were $32,174.22.

XX. Defendant's profit for 1967 was $90,695.48, and his drawings were $54,498.43.

XXI. Defendant's profit for 1968 was $166,447.84, and his drawings were $39,282.30.
(The trial court made additional findings that defendant's separate income became comingled with community income).

*Conclusions of Law*

I. Plaintiff should have divorce.

II. All assets on hand at time of trial acquired by purchase during marriage (except those listed in Finding II) are community assets.

III. Defendant's separate estate has no liens against any community assets.

IV. The increase in cash value during marriage on life insurance policies owned by defendant before marriage is community.

V. The division and partition of assets between the parties is fair, just and equitable, having due regard for the rights of both parties.

VI. Defendant should pay $30,000. towards plaintiff's attorney's fee.

VII. Assets having a value of $110,-000. had previously been awarded plaintiff, but at defendant's request such assets were awarded to him, and in lieu thereof, a judgment for $110,000 entered for plaintiff.

Defendant in contentions 1 and 3 asserts the trial court erred in holding substantially all assets purchased during marriage community property, rather than defendant's separate property, and abused its discretion in dividing such properties.

Plaintiff and defendant were married in June 1958 and divorced in August 1969. Defendant had a net worth at the time of marriage of $919,698. and a net worth of $1,913,441. at time of trial.

At the time of marriage defendant owned producing mineral interests, royalties, securities, cash, real estate, and life insurance. Thereafter the parties acquired additional mineral interests, life insurance, increased values in existing insurance, purchased and sold a large volume of securities, opened savings accounts, purchased improved real estate, purchased and sold unimproved real estate, and purchased a residence. Defendant received revenue from the sale of minerals pumped from leases owned before marriage and from those acquired after marriage, royalty payments, proceeds from sale of real estate purchased during marriage, proceeds from numerous sales of securities purchased during marriage, dividends, interest, rentals and borrowed funds in amounts totaling hundreds of thousands of dollars. Except for a short period following the marriage, all revenues were deposited in one bank account. Deposits were made once or twice a week during the nearly 12 years of marriage. Securities and real estate purchased during marriage were paid for out of this account and with borrowed funds. Earnings over withdrawals during the marriage amount to $961,252.

The only properties awarded to plaintiff were part of those acquired during the marriage by purchase. All assets owned by defendant at the time of marriage or received during marriage by gift or by liquidation of other assets owned before marriage were set aside to him. The assets found to be community were divided in relatively equal shares.

■ We think the record supports the findings of the trial court. Separate funds so comingled with community funds that they cannot be identified as well as all assets purchased therefrom are community. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900; Tarver v. Tarver (Tex.Civ.App.) 378 S.W.2d 381, Affmd. S.Ct., 394 S.W.2d 780; Bowling v. Bowling, Tex.Civ.App. (NWH) 373 S.W.2d 829; Odle v. Odle, Tex.Civ. App. (NRE) 272 S.W.2d 381.

Plaintiff is a woman without profession, defendant is a medical doctor with excellent earning potential. Plaintiff has no separate property, or the expectancy of inheriting any property; defendant has about a $1,000,000. in separate property, and an expectancy of inheriting a like amount from his mother.

■ Article 4638 Vernon's Ann.Tex.Civ. St. prescribes the trial court shall divide the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party. Although as a general rule separate property will be restored to its owner, Fitts v. Fitts, S.Ct., 14 Tex. 443, 450, as to personalty the court "is invested with wide discretion in disposing of any and all property of the parties, separate or community." Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, 23; Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313; Grant v. Grant, Tex.Civ.App. (error dismd) 351 S.W.2d 897; Caldwell v. Caldwell, Tex.Civ.App., (NWH) 423 S.W. 2d 140; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299; Mozisek v. Mozisek, Tex.Civ. App. (Er. Dis.) 365 S.W.2d 669; Mc-Glathery v. McGlathery, Tex.Civ.App. (NWH) 429 S.W.2d 187; Bohn v. Bohn, Tex.Civ.App., Er. Dis., 420 S.W.2d 165.

We cannot say from this record that the trial court erred in holding that the assets, (with the limited exception) acquired after marriage by purchase, were community property; and in any event we cannot say the trial court abused its discretion in its award of the properties.

Contentions 1 and 3 are overruled.

■ Contention 2 is that the trial court erred in divesting defendant of title to his separate realty. All the realty in which plaintiff was given an interest was acquired after marriage. Property acquired during marriage takes its status as separate or community at the very time of its acquisition. Smith v. Buss, 135 Tex. 566, 144 S.W. 2d 529. The properties were paid for with monies out of the comingled bank account, on a credit, or with borrowed funds. The portion purchased on a credit or with borrowed funds becomes community unless there is an express agreement on the part of the vendor or lender to look solely to the separate estate of the purchaser for satisfaction of the indebtedness, Broussard v. Tian, 156 Tex. 371, 295 S.W.2d 405; Gleich v. Bongio, Tex.Com.App.Op. adopted 128 Tex. 606, 99 S.W.2d 881. The trial court did not divest defendant of title to his separate realty.

Contention 2 is overruled.

■ Contention 4 is that remarriage by the plaintiff pending this appeal defeats plaintiff's right to contest the appeal and requires reversal. The contention is overruled. Glover v. Glover, 193 Mo.App. 648, 187 S.W. 278; Lagier v. Lagier, 58 Mont. 267, 193 P. 392; Fowler v. Fowler, 63 Colo. 451, 168 P. 648.

All points have been considered and are overruled.

Affirmed.